**AFFIRM; and Opinion Filed May 2, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01197-CR

## JOSE JOFFRE CORREA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the County Criminal Court of Appeals No. 2
### Dallas County, Texas
### Trial Court Cause No. M09-57654

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

Jose Joffre Correa appeals his conviction for driving while intoxicated. After a jury found appellant guilty, the trial court assessed punishment at 150 days' confinement, probated for eighteen months, and a $600 fine. In three points of error, appellant contends (1) the trial court erred in admitting his blood-alcohol concentration (BAC) test results into evidence, (2) the trial court erred in failing to give an article 38.23 instruction to the jury regarding the BAC test results, and (3) the evidence is insufficient to support the cost bill. For the following reasons, we affirm the trial court's judgment.

At trial, the State presented evidence that appellant was stopped for a traffic violation and consented to a breath test. Officer Jackie Cork, a certified intoxilyzer operator, administered the breath test, which showed appellants' BAC was almost twice the legal limit. Cork explained the procedure in procuring a breath sample. He testified that he first ensures that the suspect has

nothing in his mouth, and then conducts a fifteen minute "observation" period. He said the fifteen minutes is mandated by the State and that he cannot give a test without first observing the suspect for fifteen minutes. He said if the suspect burps or regurgitates, the fifteen minutes must restart. Cork testified "None of that happened in this case. He didn't have any chewing gum or anything in his mouth. The observation period time went through."

On cross-examination, appellant attempted to discredit Cork's testimony that he waited the necessary fifteen minutes because a videotape that was taken of the testing was lost and there was no written evidence to corroborate his testimony. Cork reaffirmed he waited the fifteen minutes, and testified he would not, and has never, taken a test without waiting the requisite fifteen minutes. Appellant objected to admission of the test results asserting Cork's testimony was insufficient to establish that he remained in appellant's "presence" for fifteen minutes. The trial court overruled appellant's objection.

In his first point of error, appellant asserts the trial court erred in overruling his objection to admission of the results of his breath test. Title 37, section 19.4(c) of the Texas Administrative Code requires a breath test operator to remain in the "presence" of a subject for at least fifteen minutes before the test and should exercise "reasonable care" to ensure that the subject does not place any substances in his mouth. 37 TEX. ADMIN. CODE § 19.4(c). The Code further states "direct observation" is not necessary to ensure the validity or accuracy of the test result. *Id.*

Here, appellant asserts the BAC results should have been suppressed because the State did not prove Cork remained in appellant's "presence" for the requisite fifteen minutes. According to appellant, Cork testified only that he waited fifteen minutes before giving the test. However, Cork testified that he is required to do a fifteen minute "observation period" to make sure the subject has nothing in his mouth and does not regurgitate and that the period in this case

–2–

"went through." We conclude Cork's testimony was sufficient to show he remained in appellant's presence for the requisite period.[1] *See State v. Reed*, 888 S.W.2d 117, 122 (Tex. App—San Antonio 1994, no pet.) (defining presence as including being within sight). We overrule appellant's first point of error.

In his second point of error, appellant asserts the trial court erred in failing to instruct the jury to disregard the BAC test results unless it first determined, beyond a reasonable doubt, that Cork remained in appellant's presence for fifteen minutes before giving the test. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005).

A defendant is entitled to the submission of a jury instruction under Article 38.23(a) if a disputed issue of fact that is material to a claim of a constitutional or statutory violation would render evidence inadmissible. TEX. CODE CRIM. PROC. ANN. art. 38.23(a); *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). To be entitled to an instruction, there must be evidence before the jury raising an issue of fact that is affirmatively contested. *Madden*, 242 S.W.3d at 510. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. *Id.*

Here, appellant directs us to no evidence that Cork did not remain in appellant's presence for the requisite fifteen minutes before taking appellant's breath specimen, but simply reurges his assertion the State failed to show he waited the requisite fifteen minutes. We have previously resolved this issue against him. We overrule appellant's second point of error.

In his third point of error, appellant asserts we should reform the trial court's judgment to delete the requirement that he pay court costs because the clerk's record does not contain a bill of

---

[1] At trial, appellant contended Cork's testimony that he "observed" appellant for fifteen minutes did not show Cork remained in appellant's "presence" as required by the Code. The Code specifically states direct observation is not required to show presence. Cork's testimony thus met a higher burden than required by the Code. *See State v. Reed*, 888 S.W.2d 117, 121 (Tex. App—San Antonio 1994, no pet.) (explaining 1990 amendment to the Code removing the requirement that operator continuously observe subject in favor of current requirement that the operator merely remain in subject's "presence.").

costs.  The record before us now contains a bill of costs.  *See Johnson v. State*, 423 S.W.3d 385, 392-94 (Tex. Crim. App. 2014).  We overrule appellant's third point of error.

We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121197F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE JOFFRE CORREA, Appellant

No. 05-12-01197-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. M09-57654.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of May, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE