**Affirmed and Memorandum Opinion on Remand filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00149-CR

---

### MARVIN DWAYNE SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1147188**

---

## MEMORANDUM  OPINION  ON  REMAND

Appellant Marvin Dwayne Smith appeals his conviction for aggravated assault with a deadly weapon. On original submission, appellant argued that there was insufficient evidence in the record to support court costs of $230 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Smith v. State*, No. 14-11-00149-CR; 2013 WL 655703 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013) *vacated and remanded*,

No. PD-0380-13; 2014 WL 6392161 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk. *See id.* at 392–93. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id*. at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial.").

The trial court assessed $230 in costs against appellant. The sum of the itemized costs in the JIMS report is $230. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports $230 of the costs assessed in the judgment.

On remand, we affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).