**Affirmed as Modified and Memorandum Opinion on Remand filed May 29, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00628-CR

---

**JASMINE MONIQUE STELLY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1312109**

---

### MEMORANDUM OPINION ON REMAND

Appellant Jasmine Monique Stelly appeals her conviction for assault of a public servant. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $249 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Stelly v. State*, No. 14-12-00628-CR; 2013 WL 645196 (Tex. App.—Houston [14th Dist.] Feb. 21, 2013) *vacated and remanded*, No. PD-

385-13; 2014 WL 1512924 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

The judgment includes an assessment of $249 in court costs. The record contains a certified, signed bill of costs listing $249 in court costs. We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id.* at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record supports the assessment of costs in this case because the record contains a bill of costs that contains each item of cost, is signed by a representative of the district clerk's office who is entitled to receive payment of the costs, and is certified. *See Johnson*, 423 S.W.3d at 393.

The trial court assessed $249 in costs against appellant. The sum of the itemized costs in the cost bill is $249. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs assessed in the judgment. *Id.* at 396. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id.* at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial.").

Pursuant to the disposition on original submission, we modify the trial court's judgment to strike the language reciting "APPEAL WAIVED. NO

2

PERMISSION TO APPEAL GRANTED."

On remand, we affirm the trial court's judgment as modified.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).