**Affirmed and Memorandum Opinion on Remand filed June 3, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00874-CR

---

**MIGUEL ANGEL SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1315362**

---

## MEMORANDUM OPINION ON REMAND

Appellant Miguel Angel Sanchez appeals his conviction for aggravated sexual assault of a child. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $580 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Sanchez v. State*, No. 14-12-00874-CR; 2013 WL 6045737 (Tex. App.—Houston [14th Dist.] Nov. 14, 2013) *vacated and*

*remanded*, No. PD-1710-13; 2014 WL 1512970 (Tex. Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

The judgment includes an assessment of $580 in court costs. A supplemental clerk's record was filed, which contains a certified, signed bill of costs listing $580 in court costs. We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record supports the assessment of costs in this case because the record contains a bill of costs that contains each item of cost, is signed by a representative of the district clerk, who is entitled to receive payment of the costs, and is certified. *See Johnson*, 423 S.W.3d at 393.

The trial court assessed $580 in costs against appellant. The sum of the itemized costs in the cost bill is $580. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs assessed in the judgment. *Id*. at 396. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id*. at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial.").

On remand, we affirm the trial court's judgment.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).