

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0193-13

### MANLEY DEWAYNE JOHNSON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH DISTRICT COURT OF APPEALS
### HARRIS COUNTY

HERVEY, delivered the opinion of the unanimous Court. Cochran, J., filed a concurring opinion.

### O P I N I O N

Appellant, Manley Johnson, was charged with, and convicted of, aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(a)(1). The judgment ordered him "to pay all fines, court costs, and restitution as indicated above." The amount of $234 was written in the blank on the judgment labeled "Court Costs." We granted the State's petition for discretionary review to determine whether the court of appeals erred in

deleting the specific amount of $234 in court costs from the trial-court judgment.[1] After

careful consideration of the granted grounds, and to afford future litigants a "roadmap" to

questions regarding court costs, we hold that (1) a claim with respect to the basis of court

costs need not be preserved at trial to be raised for the first time on appeal, (2)

Appellant's claim is ripe for review, (3) a record on appeal can be supplemented with a

bill of costs, (4) the document in the supplemental clerk's record is a bill of costs, (5) the

---

[1]We granted review on six related grounds:

(1) The Fourteenth Court of Appeals erred in deleting the specific amount of court costs on the judgment of conviction based upon the lack of a certified bill of costs in the record when a specific amount of court costs does not have to be included on the judgment.

(2) The Fourteenth Court of Appeals erred in deleting court costs on the written judgment based upon the lack of a certified bill of costs in the record when appellant failed to preserve his claim for appellate review and the issue is not ripe for review.

(3) The Fourteenth Court of Appeals erred in deleting the court costs on the written judgment based upon the lack of a certified bill of costs in the record when there is no requirement that the record include a certified bill of costs.

(4) The Fourteenth Court of Appeals erred in deleting the court costs on the written judgment based upon the lack of a certified bill of costs in the record when the evidence was otherwise sufficient to sustain the assessed court costs.

(5) The Fourteenth Court of Appeals erred in deleting the court costs on the written judgment based upon the lack of a certified bill of costs in the record when the district clerk's office has no authority to create a new document for the appellate record after the notice of appeal has been filed.

(6) The Fourteenth Court of Appeals erred in deleting the court costs on the written judgment based upon the lack of a certified bill of costs in the record when the district clerk's office did supplement the appellate record with a certified bill of costs.

court of appeals erred when it failed to consider the supplemental bill of costs, (6) a bill of costs need not be in the record to support a particular amount of court costs, and (7) the fact that most court costs (and certainly those discussed in this case) are mandated by statute and, thus, subject to the old adage that "ignorance of the law is no excuse,"[2] dispenses with the need for an ordinary sufficiency review. As a result, we will modify the judgment of the court of appeals and reinstate the judgment of the trial court.

## THE COURT OF APPEALS

After Appellant was assessed court costs at trial, he appealed that assessment. On appeal, he argued that there was insufficient record evidence to support the $234 listed in the written judgment. *Johnson v. State*, 389 S.W.3d 513, 515 (Tex. App.—Houston [14th Dist.] 2012). Appellant argued that the record contained no bill of costs or other evidence supporting the $234 amount. The court of appeals ordered the district clerk to supplement the record with a bill of costs, if one existed, or an affidavit stating that one did not exist. The clerk filed an affidavit stating that a bill of costs was not included in the record. Later, the clerk's office filed a supplemental clerk's record including a document that appeared to be a bill of costs. The court of appeals concluded that the document was not a bill of costs and that "there is no indication that this printout was ever brought to the attention of the trial judge." *Id.* at 515 n.1 (citing *Chambers v. State*, 194 S.W.2d 774, 775

---

[2] *See* TEX. PENAL CODE § 8.03(a) (stating the general rule that "[i]t is no defense to prosecution that the actor was ignorant of the provisions of any law after the law has taken effect."); *see also Tovar v. State*, 978 S.W.2d 584, 589 (Tex. Crim. App. 1998) (Price, J., concurring) (discussing the ancient maxim that ignorance of the law is no excuse).

(Tex. Crim. App. 1946); *Lamb v. State*, 931 S.W.2d 611, 613 (Tex. App.—Amarillo 1996, pet. ref'd)). After declining to consider the document in the supplemental record, the court agreed with Appellant that, because "[i]t is undisputed that the record in the trial court at the time this appeal was filed did not contain any evidence supporting the assessment of $234 in court costs[,]" the trial court erred when it entered a specific amount of court costs to be paid by Appellant. *Id.* at 516. We granted review.

## DISCUSSION

The Texas Code of Criminal Procedure requires that a judgment order a defendant to pay court costs. TEX. CODE CRIM. PROC. arts. 42.15 (applicable when the punishment is only a fine), and 42.16 (applicable when the punishment is something other than a fine). Court costs listed in a certified bill of costs need neither be orally pronounced nor incorporated by reference in the judgment to be effective. *See Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2009) (citing *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009)); TEX. CODE CRIM. PROC. art. 103.001 (stating when court costs in a criminal case are payable (i.e., collectible)). However, when a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost. Only statutorily authorized court costs may be assessed against a criminal defendant,[3] and all costs assessed against a defendant can be separated into two categories: (1) mandatory costs and (2) discretionary costs. *Compare*

---

[3]*See* TEX. CODE CRIM. PROC. art. 103.002 ("An officer may not impose a cost for a service not performed or for a service for which a cost is not expressly provided by law.").

TEX. CODE CRIM. PROC. arts. 102.001–.022 (a non-exhaustive list of various court costs a trial judge must impose if the certain conditions precedent are met), *with* TEX. CODE CRIM. art 26.05(g) (requiring a court to determine whether a criminal defendant "has financial resources that enable him to offset in part or in whole the costs of the legal services provided . . . ."). A mandatory cost is one other than attorney's fees that is a predetermined, legislatively mandated obligation imposed upon conviction. Because mandatory costs are fixed by statutes that are published publicly in the laws of the State of Texas, a criminal defendant has constructive notice of those laws, and courts should take judicial notice of those laws. *See Watts v. State*, 99 S.W.3d 604, 610 (Tex. Crim. App. 2003) ("Texas courts can, of course, take judicial notice of the laws of this State."); *Legg v. State*, 594 S.W.2d 429, 432 (Tex. Crim. App. [Panel Op.] 1980); *see also Fuller v. Oregon*, 417 U.S. 40, 50 n.11 (1974) (noting that, with respect to the imposition of court costs, "recoupment statutes, including a schedule of fees, were published in the Oregon Revised Statutes at the time of the petitioner's plea . . .").

We have stated that a claim challenging the basis of assessed court costs "differs somewhat from a claim of insufficient evidence of guilt . . . ." *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). This is because an evidentiary-sufficiency analysis is derived from due-process principles and requires that a trial record contain sufficient evidentiary proof of a defendant's guilt before a criminal conviction will be sustained. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979) ("[N]o person shall be made to suffer the

onus of a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."). After *Jackson*, this Court began to employ an evidentiary-sufficiency review in other contexts. *See Moreno v. State*, 415 S.W.3d 284, 288 (Tex. Crim. App. 2013) (probable-cause affidavits); *McCain v. State*, 22 S.W.3d 497 (Tex. Crim. App. 2000) (affirmative deadly-weapon findings); *Coble v. State*, 330 S.W.3d 253, 265 (Tex. Crim. App. 2010) (future-dangerousness special issue). The common thread among these analyses is that each relates directly or indirectly to a defendant's guilt or sentence. However, court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial; rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *See Armstong*, 340 S.W.3d at 767 (quoting *Weir*, 278 S.W.3d at 366–67). As a result, we review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply.

***A. A challenge to the bases of assessed court costs need not be preserved to be raised on appeal for the first time, and Appellant's claim is ripe for review.***

We first address the State's threshold argument that Appellant failed to preserve his complaint for review. The State argues that this Court's opinion in *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010), in which this Court held that an objection is not required to raise such a claim, is distinguishable because that case dealt with the

imposition of discretionary attorney's fees, while this case deals with the imposition of mandatory, statutorily imposed costs. Appellant disagrees and argues that the court of appeals correctly relied on this Court's decision in *Mayer* for the proposition that an argument challenging the bases of the assessed court costs can be brought for the first time on appeal. After reviewing the arguments of the parties and the authorities cited therein, we conclude that a criminal defendant need not preserve an objection in the trial court to raise a claim challenging the bases for the imposition of court costs for the first time on appeal.

In *Mayer*, the appellant challenged the imposition of attorney's fees. Specifically, he claimed that there was no basis in the record to support the trial court's determination that the appellant had financial resources and, as a result, the ability to pay at least a portion of the cost of his defense. *Mayer*, 309 S.W.3d at 522; *see* TEX. CODE CRIM. PROC. art. 26.05(g) (requiring a judicial determination of whether a defendant has the financial resources to offset in whole, or part, the costs of the legal services provided to the defendant). We first addressed the State's argument that the appellant procedurally defaulted his attorney's-fees claim because he failed to object to the imposition to the fees in the trial court, and we concluded that the appellant did not have to object at trial to raise his claim for the first time on appeal. *See Mayer*, 309 S.W.3d at 556. As we noted previously, while a traditional guilt-sufficiency analysis does differ from a claim challenging the bases of assessed mandatory court costs or attorney's fees in that the

former relates to the defendant's guilt or sentence and the latter does not, the appellant's claim in *Mayer* and Appellant's claim in this case are similar—they both brought claims challenging the imposition of costs.

There is nothing in this record to suggest that Appellant had any opportunity to object at trial. Furthermore, we believe that the State's argument is unpersuasive for another reason. Typically, a defendant will be sentenced in open court, but the written judgment is prepared at a later date. *See, e.g.*, *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) ("A trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment, outside the defendant's presence."). Thus, while some defendants in some cases may have an opportunity to recognize a basis to object to the imposition of court costs in open court if an itemized bill is available to them, most defendants, like Appellant, will not, because their court costs were not imposed in open court, the judgment did not contain a written amount of court costs, or it contained only an aggregate figure—the accuracy of which may not be verifiable at the time of imposition. For these reasons, we hold that Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal. *See Mayer*, 309 S.W.3d at 556; *see also Armstrong*, 340 S.W.3d at 767.

Having decided that Appellant can raise his court-costs claim for the first time on appeal, we address the State's next argument that the merits of Appellant's claim are not

ripe for our review because the State has not attempted to collect the assessed court costs from Appellant. To support its argument, the State directs us to the Texas Supreme Court's decision in *Harrell v. State*, 286 S.W.3d 315 (Tex. 2009). However, that case is distinguishable. In *Harrell*, the appellant claimed that his right to due process of law was violated when the State took actions to collect court costs owed by the appellant from his inmate trust account. *Id.* In contrast, in this case Appellant challenges the bases for the assessed court costs, a claim that is ripe for review. *See Armstrong*, 340 S.W.3d at 766 (distinguishing between a claim challenging the bases of imposed court costs from a claim contesting the collection of the assessed court costs). Thus, we overrule the State's second ground for review, and we will consider the merits of the State's other grounds for review.

### B. A record on appeal may be supplemented with a bill of costs.

The State argues that, because there is no affirmative duty for clerks to include a bill of costs in an appellate record, the court of appeals in this case was not authorized to order that the record be supplemented. *See* TEX. R. APP. P. 34.5(a) (listing items that generally must be included in a record on appeal). Rule 34.5(a) of the Texas Rules of Appellate Procedure lists only items that *must* be included in the record by default. *Id.* The rule is silent as to whether items not required to be included can nonetheless be included in a record on appeal. Further, the State directs us to no statutory language or precedential authority, nor have we found any, that would prevent a court of appeals from

ordering an officer of the trial court to supplement the record with a bill of costs.[4] *See*

TEX. R. APP. P. 34.5(c) (allowing supplementation of a record when "a relevant item has

been omitted from the clerk's record . . . .").

Finally, the State also avers that the court of appeals "erred in deleting the court

costs on the written judgment . . . when the district clerk's office has no authority to

create a new document for the appellate record after notice of appeal has been filed."

Rule 34.5(c) of the Texas Rules of Appellate Procedure allows for an appellate court to

direct the trial-court clerk to supplement a record with a relevant item that was omitted

---

[4]We take notice, however, that this Court in *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007), stated that Rules 34.5(c) and (d) of the Texas Rules of Appellate Procedure "cannot be used to create an appellate record[,]" and that these "rules exist to allow appellate courts to supplement the appellate record with matters that were part of the trial record but, for whatever reason, have not been forwarded to the appellate court." *Id.* The rationale for this rule was articulated in *Duncan v. Evans*, 653 S.W.2d 38, 39–40 (Tex. Crim. App. 1983) (holding that a court of appeals was without authority to order a trial court to remove an appointed attorney in a case in which the trial record had already been filed in the appellate court because the trial court lacked jurisdiction to perform the act), *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995) (trial lacked jurisdiction to enter finding of facts and conclusions of law "nearly a year" after the trial record had already been filed with the court of appeals) and again in *Berry v. State*, 995 S.W.2d 699 (Tex. Crim. App. 1999) (concluding that the trial court had no jurisdiction to enter supplemental findings of facts and conclusions of law approximately two months after the trial record had been filed with the court of appeals).

However, bills of costs are distinguishable from this line of cases because they are authorized to be produced after trial, they are produced by the clerk rather than the trial judge, the clerk has a ministerial duty to prepare and send a bill of costs when a case is "transferred or appealed," and court costs, unlike the attempted acts in the *Duncan* line of cases, are a collateral matter to a defendant's guilt or punishment. *See infra*, at 15–18 (concluding that the statutory scheme designed by the Legislature contemplated that a bill of costs could be produced after a trial has concluded); TEX. CODE CRIM. PROC. art. 103.006 (requiring "an officer of the court" to certify, sign, and send a bill of costs when a criminal action or proceeding is transferred or appealed). Furthermore, because our holding today with respect to supplementing the record is limited to the issue of court costs alone, jurisdiction of the trial court is not implicated and *Duncan* and its progeny, including *LaPointe*, remain wholly intact.

from the clerk's record. *See id.* 34.5(c). And while a bill of costs may have to be prepared

to be included in an appellate record, the bill of costs merely documents reimbursable

court costs already accrued in connection with a defendant's case. In addition, an

appellant is not prejudiced by the supplementation of the record under these

circumstances because he or she need not object at trial to contest the imposition of court

costs on direct appeal, and an appellant has a separate statutory remedy to correct

erroneous or unsupportable costs. *See* TEX. CODE CRIM. PROC. art. 103.008. We conclude

that a bill of costs is a relevant item that if omitted from the record, can be prepared and

added to the record via a supplemental clerk's record.

### C. The document in the supplemental clerk's record is a bill of costs for purposes of court costs assessed in a criminal action or proceeding, and the court of appeals erred when it failed to consider the supplemental bill of costs.

Because we have concluded that an appellate court may order a court clerk to

supplement a clerk's record with a bill of costs, we now address Appellant's arguments

that the bill of costs in this case was not a "true" bill of costs because it was not properly

signed, and we consider whether the court of appeals erred in not considering the bill of

costs in the first supplemental clerk's record.

Article 103.001 states that "[a] cost is not payable by the person charged with the

cost until a written bill is produced or is ready to be produced, containing the items of

cost, signed by the officer who charged the cost or the officer who is entitled to receive

payment for the cost." *Id.* In addition, a bill of costs must also be certified and signed by

an officer of the court. *See id.* art. 103.006. Thus, a bill of costs must contain the items of cost, it must be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and it must be certified. In this case, the document contained in the supplemental clerk's record is a printout from a computer and is titled, "J.I.M.S. COST BILL ASSESSMENT."[5] The document is comprised of three pages. The first two pages list the itemized court costs that have accrued in Appellant's case. The third page contains the seal of the District Clerk of Harris County certifying that the document is a true and original copy, and it is signed by a deputy clerk. Thus, the document contains the items of cost, is signed by an officer who is entitled to receive payment for the cost—the Harris County District Clerk—[6]and it is certified by an officer of the court. Thus, we hold that the document contained in the first supplemental clerk's record is a bill of costs for purposes of Chapter 103 of the Texas Code of Criminal Procedure dealing with the tracking and collecting of court costs.

Appellant goes on to argue that, even if the document in the first supplemental clerk's record is a bill of costs, the court of appeals properly refused to consider it because it was not first brought to the attention of the trial court, and the State agrees that "there is in fact no evidence that the bill of costs was presented to the trial court . . . ."

---

[5]The District Clerk of Harris County uses computer software called Justice Information Management Systems to track a defendant's court costs.

[6]TEX. CODE CRIM. PROC. art. 103.003(a) ("[C]lerks of district and county courts . . . may collect money payable under this title.").

The court of appeals reached the same conclusion, and to support its holding, the court of appeals (and Appellant) cite our opinion in *Chambers v. State*, 194 S.W.2d 774 (Tex. Crim. App. 1946) and a court of appeals opinion entitled *Lamb v. State*, 931 S.W.2d 611 (Tex. App.—Amarillo 1996, pet. ref'd) (op. on reh'g). Both cases are distinguishable from Appellant's case.

In *Chambers*, the appellant was convicted of misdemeanor theft and appealed her conviction. One claim that she raised on appeal was that the complaint charging her with theft was void because the complaint was sworn to by an officer who did not exist. *See Chambers*, 194 S.W.2d at 775. To support her argument, the appellant attached a sworn statement to her brief on direct appeal in this Court from the County Clerk of Travis County attesting to the fact that "the record of the County Clerk d[id] not show the appointment of any assistants [to the county attorney] . . . ." However, this Court did not consider the appellant's attached sworn statement because the matter did "not appear to have been called to the attention of the trial court, nor the opposing counsel, but appear[s] to have been brought here in this court without notice or reason." *Id.*

In *Lamb*, the appellant was convicted of intoxication manslaughter. *Lamb*, 931 S.W.2d at 612. On appeal, and relevant to this case, the appellant asked the court of appeals to reverse his conviction because the record contained no proof that the appellant was an American citizen at the time that he pled guilty. *Id.* at 612. The court of appeals agreed with the appellant and reversed his conviction. *Id.* On the State's motion for

rehearing, the State asked the court to supplement the record with "a fingerprint card." showing that the appellant was born in New Mexico and, thereby, establishing that he was an American citizen and was not required to be admonished regarding the consequences of his guilty plea. *Id.* The State argued that supplementation was proper because the fingerprint card was signed by the appellant, was filed with the court, and was contained in the court's official record. *Id.* However, the court of appeals, relying on two decisions from this Court, determined that "[b]ecause the fingerprint card and other information referred to by the State are ex parte matters neither filed nor offered in proof at trial,[7] they cannot be considered part of, nor incorporated in, the record, . . . and, thus, we have no discretion to permit the supplementation of the record with the fingerprint card." *Id.*

In *Chambers*, the appellant was collaterally attacking her conviction on the grounds that the charging instrument was void, and in *Lamb*, the State was arguing that the appellant's conviction was sound and supported its argument by attempting to supplement the record on appeal with a fingerprint card to prove that the appellant was an American citizen at the time he pled guilty. In that respect, *Chambers* and *Lamb* are the same, but both cases are distinguishable from Appellant's because, in this case, neither party is directly or indirectly challenging the propriety of Appellant's conviction. Rather, Appellant is challenging statutorily mandated court costs, and while it is true that matters

---

[7]Although the fingerprint card in question was filed with the court, it was filed with the court "three days after the trial court rendered judgment and imposed sentence . . . ." *Lamb*, 931 S.W.2d at 613.

that have a bearing on the guilt or sentence of a criminal defendant should be brought to the attention of the trial court, the imposition of court costs have no bearing on the guilt or sentence of a criminal defendant. Therefore, matters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial. We hold that once the record was properly supplemented with a bill of costs, the court of appeals erred when it failed to consider that bill of costs when resolving Appellant's court-costs claim.

**D. A bill of costs need not be in the record to support a particular amount of court costs.**

Appellant argues that Article 103.001 of the Texas Code of Criminal Procedure creates an evidentiary-sufficiency requirement that a bill of costs must be present in the appellate record to support a specific amount of court costs or the specific amount of costs must be stricken from the judgment. After construing Article 103.001 of the Texas Code of Criminal Procedure, we disagree.

Statutory construction is a question of law, which we review de novo. *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011). In analyzing a statute, we "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Id.* (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To effectuate that intent, we first look to the literal text of the statute, and we read words and phrases contained therein in context and construe them according normal rules of grammar and usage. *Id.* (citing *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008)).

Furthermore, we "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* (citing *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App.1997)). We may consult extra-textual sources only if the statutory language is ambiguous or leads to absurd results that the Legislature could not have intended. *Id.* (citing *Boykin*, 818 S.W.2d at 785).

Article 103.001 of the Texas Code of Criminal Procedure states that "[a] cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. art. 103.001. The plain language of this statutory provision, standing alone, is ambiguous with respect to Appellant's argument that this provision creates an evidentiary-sufficiency standard. Thus, we must consult extra-textual sources. Although there is no useful legislative history with respect to court costs despite the fact that a number of court-cost statutes were approved by the first legislature of the Republic of Texas and then President Sam Houston,[8] reference to other statutes within the Texas Code of Criminal Procedure makes it clear that Article 103.001 discusses when a cost can be collected by an agent of the State and that, as a result, Article 103.001 was intended to prevent a defendant from

---

[8]*See, e.g.*, Act approved Dec. 19, 1836, 1st Cong., R.S., § 1, 1836 Repub. Tex. Laws 135–41, *reprinted in* 1 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1195–01 (Austin, Gammel Book Co. 1898).

paying unsubstantiated court costs.

Article 103.003 authorizes designated government agents to collect only money that is payable. *Id.* art. 103.003. A cost is payable when "a written bill is produced or ready to be produced, containing the items of cost . . . ." *Id.* art. 103.001. Thus, Article 103.001 appears to act as a prohibition on the ability of designated state agents from collecting nonpayable, but assessed, court costs. In addition, Article 103.008 provides another route through which a defendant can challenge the assessment of court costs after final disposition of his or her case. *Id.* art. 103.008 (allowing a defendant to file a motion to "correct costs" within one year of the final disposition of his or her case). This separate procedural avenue would be superfluous if the presence of a bill of costs in the record were an evidentiary prerequisite to sustaining assessed court costs because appellate courts could always resolve court-costs claims before a case is finally disposed of, which is a situation that Article 103.008 does not contemplate. This is additional evidence that the Legislature did not intend for a bill of costs to be included in every record on appeal because it included an alternative statutory remedy to "correct costs." *See* TEX. CODE CRIM. PROC. art. 103.008. After taking these considerations into account, we believe that the Legislature did not intend in every case for a specific amount of costs to be supported only by a bill of costs from the record for an appellate court to conclude that the assessed costs are supported by the record. As a result, we hold that a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court

to conclude that the assessed court costs are supported by facts in the record.[9] However, we note that, although a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method.

## CONCLUSION

The record in this case was supplemented by a bill of costs. Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs is sufficient. We hold that the court of appeals erred when it deleted the specific amount of court costs on the judgment of conviction, and we modify the judgment of the court of appeals to reinstate the deleted court costs and affirm the judgment as modified.

Hervey, J.

Delivered: February 26, 2014

Publish

---

[9]*See, e.g.*, TEX. LOC. GOV'T CODE § 133.102(a) (2004) (authorizing imposition of $133 in court cost "on conviction of a felony"), 133.105(a) (authorizing a $6 court-cost fee to be assessed against "[a] person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle . . ."), 133.107 (2007) (authorizing imposition of a $2 court-cost fee against a person convicted for an offense not involving a pedestrian or the parking of a motor vehicle "to be used to fund indigent defense representation . . ."); TEX. CODE CRIM. PROC. arts. 102.005(a) (authorizing a $40 court-cost fee to be imposed upon a convicted defendant "for the services of the clerk of the court"), 102.005(f) (authorizing the imposition of a $25 for records management and preservation services when a defendant is convicted in a county court, county court at law, or a district court), 102.0045 (2005) (authorizing a $4 fee to be assessed upon "[a] person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle" to reimburse counties for the cost of juror services), 102.0169 (authorizing a $4 court-cost fee to be imposed upon a convicted defendant as a technology fee), 102.017(a) (2007) (authorizing imposition of a $5 security fee as a cost of court if a defendant is convicted).