**Affirmed and Memorandum Opinion filed June 12, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00046-CR

### ERIC DEMOND DOUGLAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1122749**

## M E M O R A N D U M   O P I N I O N

Appellant Eric Demond Douglas appeals his conviction for possession of cocaine. In a single issue, appellant argues that there was insufficient evidence in the record to support the court's costs of $330 reflected in the judgment. We affirm.

The judgment includes an assessment of $330 in court costs. The record contains a certified, signed bill of costs listing $330 in court costs. We review the

assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record supports the assessment of costs in this case because the record contains a bill of costs that contains each item of cost, is signed by a representative of the district clerk's office who is entitled to receive payment of the costs, and is certified. *See Johnson*, 423 S.W.3d at 393.

The trial court assessed $330 in costs against appellant. The sum of the itemized costs in the cost bill is $330. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs supports the costs assessed in the judgment. *Id*. at 396. The fact that the bill of costs was not prepared until after the court signed the judgment does not defeat the lawfulness of the bill of costs. *Id.* at 394. ("[M]atters pertaining to the imposition of court costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial."). We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).