SEE AMENDED
BRF FILED ON
2/2/15

ACCEPTED
03-14-00615-CR
3940334
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/28/2015 5:46:40 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-14-00615-CR

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/28/2015 5:46:40 PM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS
## AUSTIN DIVISION

_____

| | |
|---|---|
| **ALEXIS MARIE IRELAND** | § |
| | § |
| **v.** | § |
| | § |
| **STATE OF TEXAS** | § |

_____

## APPELLANT'S BRIEF

_____

**Justin Bradford Smith**
**Texas Bar No. 24072348**
**Harrell, Stoebner, & Russell, P.C.**
**2106 Bird Creek Drive**
**Temple, Texas 76502**
**Phone: (254) 771-1855**
**FAX: (254) 771-2082**
**Email: justin@templelawoffice.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT NOT REQUESTED**

1

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
Alexis Marie Ireland

**Appellant's Counsel**
Justin Bradford Smith
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
Jack Holmes
1610 South 31st Street, Suite 102, PMB 235
Temple, TX 76504

**Appellee**
State of Texas

**Appellee's Trial Counsel**
Leslie McWilliams
Bell County District Attorney
P.O. Box 540
Belton, Texas 76513
Telephone: (254) 933-5215
Fax: (254) 933-5238

**Appellee's Appellate Counsel**
Bob Odom
Bell County District Attorney's Office
Email: DistrictAttorney@co.bell.tx.us

# TABLE OF CONTENTS

Identity of Parties and Counsel………………………..…………………………….…... 2

Table of Contents…………………………………………………………………...3

Index of Authorities……………………………………………………….4

Statement of the Case………………………………………………………...5

Issue Presented……………………………..…………………………………….5

      ISSUE ONE: The judgment contains an erroneous amount of costs because it includes two costs not supported by a factual basis nor, in one case, a statute………………………………………………5

Statement of Facts……………………………….…………………………….......5

Summary of the Argument………………….…………………………….......5-6

      ISSUE ONE: The judgment contains an erroneous amount of costs because it includes two costs not supported by a factual basis nor, in one case, a statute………………………………………………5

Argument……………………………………………………...............7-9

Standard of Review and Applicable Law…...…………………………………...7

Application………………………………………………………….......7-9

Conclusion…………………………………………………………......9

Prayer………………………………………………………...........9

Certificate of Compliance…………………………………………………….....10

Certificate of Service………………………………………………………...10

# INDEX OF AUTHORITIES

**Texas Court of Criminal Appeals:**

*Johnson v. State*, 423 S.W.3d 385
       (Tex. Crim. App. 2014)…………………………………………………...7

**Statutes/Rules:**

Tex. Code Crim. Proc. Ann. art. 42.22……………………………….…………8

Tex. Code Crim. Proc. Ann. art. 102.072……………………………………...7-8

Tex. Gov't Code Section 103.024……………………………………...........7-8

## STATEMENT OF THE CASE

Nature of the Case:      This is an appeal from a conviction for burglary of a habitation.  (I C.R. at 45)

Judge/Court:      Judge John Gauntt, 27th District Court, Bell County.

Pleas:      Appellant pled guilty.  (VI R.R. at 11-12); (VIII R.R. at SX-1 "Judicial Confession (No. 72,691)")

Trial Court Disposition:  The trial court sentenced Appellant to 180 days in the state jail division and imposed $251.00 in court costs. (VII R.R. at 8) (I C.R. at 45).

## ISSUE PRESENTED

ISSUE ONE:  The judgment contains an erroneous amount of costs because it includes two costs not supported by a factual basis nor, in one case, a statute.

ISSUE TWO:  The evidence is legally insufficient to support Appellant's conviction because the State did not introduce evidence showing her guilt, and the reporter's record does not contain her stipulation to the evidence.

## STATEMENT OF FACTS

Few facts are relevant to this appeal.  The written judgment imposes $251.00 in costs but no restitution.  (I C.R. at 45).  The bill of costs imposes a two dollar "Administrative Transaction Fee" and a five dollar "State Elect Filing Fee—Crimi".  (I C.R. at 48).  All costs are noted as unpaid, (I C.R. at 48), and the record shows no attempts to collect any fees.  Also, there is no affidavit in the record to support the five dollar fee.

5

## SUMMARY OF THE ARGUMENT

ISSUE ONE: The judgment contains an erroneous amount of costs because it includes two costs not supported by a factual basis nor, in one case, a statute.

Court costs may be challenged for the first time on appeal, and they require a statutory and factual basis to withstand such a challenge.

The judgment imposes $251 in costs. Of those, two dollars is for an "Administrative Transaction Fee" and five dollars is for a "State Elect Filing Fee—Crimi".

While there is a statutory basis for the administrative transaction fee, the factual basis is lacking because the statute only permits the fee to be imposed when there has been an attempt to collect the fee, and there is no evidence that an officer has tried to collect any fees.

There does not seem to be a statutory basis for the "State Elect Filing Fee—Crimi". However, if the statutory basis comes from Texas Government Code Section 103.024, the five dollar fee permitted there is for a restitution lien under Article 42.22 of the Texas Code of Criminal Procedure. Here, no restitution was awarded, so no fee should be permitted. Additionally, no affidavit appears in the record to support the fee, as required by Article 42.22. This provides an additional reason the fee cannot be imposed.

Both fees should be deleted and the judgment modified accordingly.

**ARGUMENT**

**Standard of Review and Applicable Law**

A challenge to the bases of assessed court costs may be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). When reviewing the record supporting court costs, the appellate court determines whether there is a "basis for the cost", not whether there is "sufficient evidence offered at trial to prove each cost". *Id*. at 390. Thus, "traditional *Jackson* evidentiary sufficiency principles do not apply." *Id*.

Court costs need not be "orally pronounced nor incorporated by reference in the judgment to be effective." *Id*. at 389. Therefore, "when a specific amount of court costs is written in the judgment, an appellate court errs when it deletes the specific amount if there is a basis for the cost." *Id*. Still, only "statutorily authorized court costs may be assessed against a criminal defendant". *Id*. Thus, when evaluating court costs, the reviewing court determines whether there is a statutory basis for the costs and whether there are facts to support them. *Id*. at 395-396.

**Application**

**1. The Factual Basis for the Administrative Transaction Fee is Lacking**

Article 102.072 of the Texas Code of Criminal Procedure permits a two

dollar fee to be imposed "for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court. The fee may not exceed $2 for each transaction." Here, the bill of costs contains this fee. (I C.R. at 48). However, the record contains no evidence that any fines, fees, restitution, or other costs have been collected, or that anyone has tried to collect these fees. In fact, the bill of costs shows Appellant owes the full amount of costs. (I C.R. at 48). Therefore, by the terms of the statute itself, this fee cannot be imposed now: it is premature. As such, the Court should delete this fee from the judgment.

**2. The Statutory and Factual Bases for the "State Elect Filing Fee—Crimi" is Lacking**

The bill of costs imposes a "State Elect Filing Fee—Crimi" in the amount of $5.00. (I C.R. at 95). Appellant cannot determine the statutory basis for this fee. It is possible it comes from Texas Government Code Section 103.024, which allows for a $5 fee for filing a restitution lien under Article 42.22 of the Texas Code of Criminal Procedure. However, here no restitution was ordered, (I C.R. at 45), so if these statutes provide the basis for the fee, then this fee cannot be imposed on these facts. Moreover, section 5 of Article 42.22 requires an affidavit to be filed to perfect the restitution lien. Here, no such affidavit appears in the record. Therefore, either the fee is without a statutory basis, or if the statutes just

cited provide that basis, then the factual predicate for assessing this fee is lacking on two accounts. In either event, the fee should be deleted.

## Conclusion

Because there is no factual basis for the two dollar Administrative Transaction Fee, and there is no statutory or factual basis for the five dollar "State Elect Filing Fee—Crimi", they must be deleted from the judgment and the judgment modified accordingly.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to MODIFY the trial court's judgment as argued above and AFFIRM the judgment as modified.

Respectfully submitted:

/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

HARRELL & STOEBNER, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Brief contains 867 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

/s/ Justin Bradford Smith
Justin Bradford Smith

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2015, a true and correct copy of

Appellant's Brief was forwarded to the counsel below by eservice:

Bob Odom
Bell County District Attorney's Office
P.O. Box 540
Belton, Texas 76513
Email: DistrictAttorney@co.bell.tx.us

/s/ Justin Bradford Smith
Justin Bradford Smith