

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00099-CR

___

PAMELA JANE WOODRUFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 8989, Honorable Phil N. Vanderpool, Presiding

___

December 4, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pamela Jane Woodruff appeals from a judgment adjudicating her guilt and convicting her of possessing a controlled substance. Her two issues on appeal concern two items contained in the bill of costs. She argues that we should ". . . reform the Bill of Costs to show the outstanding balances of the [$1000] fine and [$650] attorney fee as $132 and $90, respectively. . . ." We affirm.

The terms of appellant's community supervision obligated her to pay a $1000 fine and an attorney's fee of $650. According to the State, she breached those conditions. In describing, via its motion to adjudicate guilt, how appellant failed to comply with them, it alleged that:

Defendant [was ordered to] pay their [sic] fine, if one is assessed, transcript fees, and the costs of Court, in one or several sums, and make restitution in any sum the Court shall determine, to-wit:

$ 478.00 Court Costs
$ 1,000.00 Fine
$ 280.00 Restitution
$ 650.00 Court-Appointed Attorney's Fees
$ 2,408.00 Total

The above unpaid total is to be paid in payments each month as determined by the Community Supervision and Corrections Department until fully paid, to the Community Supervision and Corrections Department; the first monthly payment shall be made on or before the expiration of one month from the date of this order. Each monthly payment shall be made the last day of each month thereafter.

The foregoing statements then were followed by two other allegations which appellant deems pivotal. The first consists of the statement that "[t]he Defendant is delinquent in the payment of her fine in the amount of $132.00," while the second involves the statement that "[t]he Defendant is delinquent in the payment of her attorney's fees in the amount of $90.00." To those allegations, appellant attaches the trial court's directive, when adjudicating guilt and pronouncing sentence, that it assesses a twenty-four month term of imprisonment and a $1000 fine "with credit for amounts paid." Together, according to appellant, those written allegations and verbal statement lead to the conclusion that the total fine left to be paid was $132 and total attorney's fee left payable was $90.

Interestingly, though, nothing of record indicates that any payments on either the fine or fee were paid. Indeed, the clerk's certified bill of costs, which appears of record, indicates that none were made. Such certification could have been attacked via the procedure set forth in art. 103.008 of the Code of Criminal Procedure (describing the method by which one can contest the amount of costs due); yet, nothing suggests that appellant sought to journey down that avenue. Furthermore, that bill of costs "such

as the one contained in the appellate record of this case provides a sufficient basis for the trial court's assessment of costs." *Smith v. State*, No. 14-13-00595-CR, 2015 Tex. App. LEXIS 6050, at *45 (Tex. App.—Houston [14th Dist] June 16, 2015 pet. ref'd)(mem. op., not designated for publication); *see Johnson v. State*, 423 S.W.3d 385, 395-96 (Tex. Crim. App. 2014) (stating that "a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method"). It is some evidence of the amount of fine and attorney's fee due. *See Whatley v. State*, No. 06-12-00117-CR, 2014 Tex. App. LEXIS 13839, at *3-4 (Tex. App.—Texarkana December 30, 2014, no pet.) (mem. op., not designated for publication)(overruling a sufficiency challenge levied against the amount of costs assessed because the supplemental appellate record contained a bill of costs "supporting the amount of court costs assessed").

Nor does appellant seem to address her own admission that she was "horribly behind" on her fine and attorney's fee payments; "horribly behind" hardly connotes almost complete payment as she would have us believe. To that we add the probation officer's testimony about appellant having made no payments since the time she (the probation officer) was appointed.[1]

Together, the foregoing circumstances contradict the notion that the sums appellant now says were due were all that were actually due. Appellant's issues are overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

---

[1] Appellant was assigned to the probation officer about seven months after being placed on community supervision.