

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00267-CR

**JASON LUMLEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court No. D35606-CR**

## MEMORANDUM OPINION

Jason Lumley was indicted in Count 1 for evading arrest; in Count 2 for accident involving injury; in Count 3 for accident involving injury; and in Count 4 for unauthorized use of a motor vehicle. The indictment further alleged two enhancement paragraphs. The jury convicted Lumley on all four counts. The trial court found the enhancement paragraphs to be true and assessed punishment at 40 years confinement in Count 1; at 50 years confinement in Count 2; at 50 years confinement in Count 3; and at 455 days in a State Jail facility in Count 4. We affirm as modified.

## Background Facts

Charles Hosack was having mechanical problems with his truck, and Lumley was helping with repairs on the truck. Hosack gave Lumley permission to drive the truck to a nearby highway to determine the problems with the truck. Lumley exceeded the permission given by Hosack when driving the vehicle and made one or more stops while driving the vehicle. Undercover officers observed Lumley's erratic driving and began pursuing the vehicle. The officers attempted to stop the vehicle, but Lumley failed to stop. Lumley struck two vehicles while fleeing from the officers' pursuit.

## Court Costs

In the first issue, Lumley argues that there is insufficient evidence to support the trial court's order for him to pay $249 in court costs. The trial court signed and entered a judgment nunc pro tunc on October 9, 2015. In that judgment, the trial court ordered Lumley to pay $249 in court costs. Lumley argues on appeal that because the clerk's record in this appeal does not contain a bill of costs, the trial court erred in entering a specific amount of court costs to be paid by Lumley. In *Johnson v. State*, the Court held that a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record. *Johnson v. State*, 423 S.W.3d 385, 395 (Tex. Crim. App. 2014). Therefore, we find that the trial court did not err in ordering Lumley to pay $249 in court costs.

**Enhancement Paragraph**

In the second issue, Lumley argues that the nunc pro tunc judgment should be reformed to reflect the trial court's finding on the enhancement paragraphs in Count 4. In Count 4, Lumley was convicted of the offense of unauthorized use of a motor vehicle. The record shows that the State did not seek enhancements as to Count 4, and the trial court made a finding that the enhancement paragraphs did not apply to Count 4. The nunc pro tunc judgment indicates a plea of not true to the enhancement paragraphs and a finding of true on the enhancement paragraphs. The State agrees that the judgment should be reformed to reflect the trial court's findings on the enhancement paragraphs for Count 4.

A court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Accordingly, we sustain Lumley's second issue on appeal and modify the trial court's judgment in Count 4 to reflect "N/A" on the plea to the enhancement paragraphs and "N/A" on the findings on the enhancements.

**Degree of Offenses**

In the third issue, Lumley argues that the nunc pro tunc judgments should be reformed to correctly reflect the degree of the offenses in Counts 2 and 3. In Counts 2 and 3, Lumley was convicted of the offense of accident involving injury. TEX. TRANS. CODE ANN. § 550. 021 (c) (2) (West Supp. 2014). The nunc pro tunc judgment reflects the

degree of offense as "hybrid felony." The record shows the trial court considered and understood the offense to be a felony of the third degree. The State agrees that the judgment should be reformed to reflect that the offense in each count is a third degree felony.

A court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d at 27-28. Accordingly, we sustain Lumley's third issue on appeal and modify the trial court's judgment to reflect that in Counts 2 and 3 the degree of offense is a third degree felony.

## Conclusion

Based on the foregoing, we modify the trial court's judgment to reflect that Counts 2 and 3 are both a third degree felony. We further modify the judgment to reflect in Count 4 "N/A" on the plea to the enhancement paragraphs and "N/A" on the findings on the enhancements. We affirm the judgments as modified in all other respects.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Modified and Affirmed
Opinion delivered and filed December 17, 2015
Do not publish
[CR PM]

