# NOS. 12-16-00110-CR
## 12-16-00111-CR
## 12-16-00112-CR
## 12-16-00113-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATISHA LEANN WHITE,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Latisha Leann White appeals the trial court's judgments revoking community supervision in four cases that are consolidated on appeal. Appellant argues that the judgments impose unconstitutional court costs, and that one judgment contains a typographical error. We affirm.

## BACKGROUND

Appellant was charged by four indictments with criminal mischief, possession of a controlled substance, possession of a controlled substance in a drug free zone, and tampering with physical evidence. Pursuant to a plea bargain agreement with the State, Appellant pleaded "guilty" to the offenses, and the trial court assessed her punishment in each case at imprisonment for ten years, suspended for a period of ten years.

Subsequently, the State filed applications to revoke Appellant's community supervision in each case. The State abandoned two allegations at the revocation hearing, and Appellant pleaded true to the remaining allegations. After giving both parties an opportunity to present evidence and arguments, the trial court granted the applications to revoke and assessed Appellant's punishment at imprisonment for eight years in each case. This appeal followed.

In each of Appellant's cases, she argues that this Court should modify the trial court's judgment and withdrawal order to remove unconstitutional court costs.

## Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2016). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2016); *Salinas v. State*, No. PD-0170-16, 2017 WL 915525, at *1 (Tex. Crim. App. Mar. 8, 2017). The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See Salinas*, 2017 WL 915525, at *1. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *Id.* The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if that petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *Id.* at *6.

## Analysis

Here, the bills of costs show that the $133 consolidated fee was assessed in each case. However, because (1) no petition for discretionary review is pending on Appellant's claim, and (2) the proceedings in the trial court ended on April 14, 2016—well before the court of criminal appeals's decision in *Salinas*—the court's holding in that case does not apply. *See id.* Accordingly, we overrule Appellant's issue in each case regarding the consolidated fee statute.

Appellant further argues that the judgment revoking community supervision in cause number 12-16-00113-CR contains a typographical error, and that we should modify the judgment and withdrawal order to correct the error. The State contends that we cannot discern from the record whether the discrepancy resulted from a typographical error, and that the proper means to address the issue is for Appellant to file a motion for a judgment nunc pro tunc in the

trial court.  We construe Appellant's claim as a challenge to the bases for the assessed court costs and consider the merits of the issue.  *See Johnson*, 423 S.W.3d at 391.

The bill of costs in cause number 12-16-00113-CR reflects a total of $284 in costs, while the judgment revoking community supervision shows a total of $289.  We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost.  *Id.* at 390.  A specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record.  *Id.* at 395.

Under the electronic filing fee statute, a defendant is required to pay $5 as a court cost on conviction of any criminal offense in a district court, county court, or statutory county court.  TEX. GOV'T CODE ANN. § 51.851(d) (West Supp. 2016).  The bill of costs in this case does not show that the $5 electronic filing fee is included in the $284.  Therefore, there is a basis in the record for the additional $5 cost reflected in the judgment.  *See Johnson*, 423 S.W.3d at 390.  Accordingly, we overrule Appellant's issue regarding the purported typographical error.

## DISPOSITION

Having overruled all of Appellant's issues, we *affirm* the trial court's judgments.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 24, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00110-CR**

**LATISHA LEANN WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0454-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00111-CR**

**LATISHA LEANN WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0455-13)

_____

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00112-CR**

**LATISHA LEANN WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0456-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 24, 2017**

**NO. 12-16-00113-CR**

**LATISHA LEANN WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0457-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*