# NO. 12-17-00136-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JULIAN HERNANDEZ-VALDEZ,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Julian Hernandez-Valdez appeals his conviction for manufacture/deliver of methamphetamine. In one issue, he argues that some of the court costs imposed on him in the trial court's judgment are unconstitutional. We affirm.

## BACKGROUND

Appellant was charged by indictment with manufacture/deliver of between one and four grams of methamphetamine and pleaded "not guilty." The matter proceeded to a jury trial. The jury found Appellant "guilty" as charged, and the trial court sentenced Appellant to imprisonment for twenty years. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that we should modify the trial court's judgment and withdrawal order to remove certain unconstitutional court costs.

### Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN.

§ 133.102(a)(1) (West Supp. 2017). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2017); *Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017). The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See Salinas*, 523 S.W.3d at 105. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *Id.* The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in *Salinas* issues. *Id.* at 113.

## Analysis

Here, the bill of costs indicates that the $133 consolidated fee was assessed. However, because (1) no petition for discretionary review is pending on Appellant's claim and (2) the proceedings in the trial court ended on April 7, 2017—prior to the court's mandate in *Salinas*— the court's holding in that case does not apply.[1] *See id.*; *see also Salinas v. State*, No. PD–0170–16 (Tex. Crim. App. June 30, 2017) (mandate); *Smith v. State*, No. 12-17-00089-CR, 2018 WL 345740, at *4 (Tex. App.–Tyler Jan.10, 2018, no pet.) (mem. op., not designated for publication). Appellant's sole issue is overruled.

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered March 15, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] The State filed a letter brief in which it concedes error in the assessment of the $133 fee and urged this Court to modify the trial court's judgment accordingly. The State based its reasoning on the date of the court of criminal appeals opinion in Salinas, which was March 8, 2017. However, the court specifically held that the holding applied only to cases that ended in the trial court after the issuance of the mandate in *Salinas*, which did not occur until June 30, 2017. *See Salinas v. State*, 523 S.W.3d 103, 105 (Tex. Crim. App. 2017); *see also Salinas v. State*, No. PD-0170-16 (Tex. Crim. App. June 30, 2017) (mandate).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 15, 2018**

**NO. 12-17-00136-CR**

**JULIAN HERNANDEZ-VALDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0088-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*