

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00428-CR

---

IN RE CURTIS JAMES MCGUIRE, RELATOR

---

ORIGINAL PROCEEDING

---

November 27, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Relator, Curtis James McGuire, has filed his Second Petition for Writ of Mandamus with this Court, asking that we order Respondent, the Honorable Dan Schaap, to modify an order to withdraw funds from his inmate trust account. We deny the petition.

Relator was convicted of two charges on May 7, 2015. In trial court cause number 62,375-A, he was convicted of a first-degree felony under section 22.021(a)(2)(B) of the Texas Penal Code. Punishment was assessed at twenty-three years' imprisonment and a fine of $1,000. In cause number 67,654-A, he was convicted of a second-degree felony under section 22.011(a)(2)(A) of the Texas Penal Code. Punishment was assessed at twenty years' imprisonment, to run concurrently, and a $1,000 fine. Court costs were

assessed in both cases. On May 19, 2015, the trial court entered an order, in both cause numbers, to withdraw funds from Relator's inmate trust account to pay court costs, fees, and fines.

In the instant proceeding, Relator argues that, under article 102.073 of the Texas Code of Criminal Procedure, the trial court could only assess costs in one cause because the convictions arise from a single criminal transaction. *See* TEX. CRIM. PROC. CODE ANN. art. 102.073 (in single criminal action in which defendant is convicted of two or more offenses or multiple counts of same offense, court may assess each court cost or fee only once against defendant). However, this statute was not effective until September 1, 2015, and was not made retroactive to costs or fees imposed before the effective date. *See* Act of May 27, 2015, 84th Leg., R.S., ch. 1160, (S.B. 740), §§ 2, 3, 2015 Tex. Gen. Laws 3925 (codified at TEX. CRIM. PROC. CODE ANN. art. 102.073).

Relator claims that the challenged costs were imposed on September 18, 2015, the date on which the Texas Department of Criminal Justice began withdrawing funds from Relator's inmate trust account. We disagree. The judgments of conviction, which reflect the imposition of court costs, were entered on May 7, 2015. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (Texas law "requires that a judgment order a defendant to pay court costs."). Costs were imposed upon Relator's conviction.

Relator has presented no authority precluding the assessment of costs against him in the referenced causes. *See Shelton v. State*, Nos. 05-17-00900-CV, 05-17-00901-CV, 05-17-00902-CV, 05-17-00903-CV, 2019 Tex. App. LEXIS 346, at *5–6 (Tex. App.—Dallas Jan. 17, 2019, no pet.) (mem. op., not designated for publication) (declining to

apply article 102.073 to costs imposed before effective date of statute).  Because Relator has not shown that he is entitled to relief, we deny his petition.


Judy C. Parker
Justice


Do not publish.