

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00364-CR

CHARLES BLACKSHIRE A/K/A                                    APPELLANT
CHARLIE BLACKSHIRE

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1270086D

----------

## MEMORANDUM OPINION ON REMAND[1]

----------

This case is on remand to this court from the Texas Court of Criminal

Appeals.  On original submission, Blackshire, in two points, appealed the trial

court's judgment ordering him to pay $1,592 in reparations and $309 in court

costs, following the revocation of his deferred adjudication community

---

[1]*See* Tex. R. App. P. 47.4.

supervision. *Blackshire v. State*, No. 02–12–00364–CR, 2013 WL 4679211 (Tex. App.—Fort Worth Aug. 29, 2013) (not designated for publication). Subsumed in his arguments, Blackshire also appealed the trial court's imposition of court costs in the amount of $72 "Due to CSCD." *Id.* at *2. This court modified the trial court's judgment to reflect $284 in court costs and $1,032 (including appointed attorney fees in the amount of $900) in reparations, and affirmed the judgment as modified. *Id.* In modifying the judgment, this court held that sufficient evidence existed to support the trial court's imposition of the $72 due to CSCD. *Id.*

Blackshire then petitioned the court of criminal appeals for discretionary review. During the time in which Blackshire's petition was pending in the court of criminal appeals regarding our opinion on original submission, the court of criminal appeals handed down *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014), in which the Court set forth a roadmap for resolving questions regarding court costs. In light of this opinion, the Court vacated our judgment and remanded Blackshire's appeal back to us. In its remand, the Court cited Blackshire's argument, and our original holding, regarding whether the evidence was sufficient to support the $72 court cost fee payable to "CSCD."[2] *Blackshire*

---

[2]Even though both Blackshire and the State rebriefed their arguments pertaining to all of Blackshire's original points on appeal after the court of criminal appeals remanded this case back to this court, because the Court remanded back to this court specifically to address the $72 due to CSCD, we have confined our opinion on remand to this fee only.

*v. State*, No. PD-1368-13, 2014 WL 1512961 (Tex. Crim. App. 2014) (not designated for publication).

Relevant to this case on remand, *Johnson* makes clear that supplementation of the clerk's record with a bill of cost, even if prepared after a criminal trial, does not constitute a new record for purposes of appeal. *See* Tex. R. App. P. 34.5(a) (listing items that generally must be included in a record on appeal); *see also Johnson*, 423 S.W.3d at 391. Thus, this court is permitted to order an "officer of the trial court to supplement the record with a bill of costs." *See Johnson*, 423 S.W.3d at 392 ("We conclude that a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record.").

Here, the trial court has provided two supplemental clerk's records. In its first supplemental clerk's record, the trial court included a "Bill of Cost." In its second supplement clerk's record, the trial court included a certified cost sheet attributable to the "Community Supervision and Corrections Department of Tarrant County." This sheet contains a specific entry for $72 "Due to CSCD." Both the bill of cost and the CSCD sheet are stamped by the trial court clerk, and signed and dated by the trial court's deputy clerk. *See Shaw v. State*, No. 14-12-00876-CR, 2014 WL 4700683, at *1 (Tex. App.—Houston [14th Dist.] Sept. 23, 2014) ("The . . . report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk.") (mem. op. on remand) (not designated for publication).

3

*Johnson* also stands for the proposition that "a specific amount of court costs need not be supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs are supported by facts in the record." *Johnson*, 423 S.W.3d at 395.

In this case, we originally held that the $72 due to CSCD was supported by evidence that the trial court had imposed a condition in his community supervision that Blackshire submit to drug testing and that he "pay for testing"; and that the record reflected that Blackshire had been tested multiple times during his community supervision. *Blackshire*, 2013 WL 4679211 at *2. Therefore, this court concluded that there was "evidence in the record documenting why the trial court assessed this $72 fee." *Id.* Even though the Court held in *Johnson* that a bill of costs was not necessary, although preferred, to support a reviewing court's holding that sufficient evidence in the record exists to support the trial court's imposition of court costs, nonetheless, the court of criminal appeals still vacated this court's judgment and remanded this case to this court to address the $72 due to CSCD. *See Johnson*, 423 S.W.3d at 395–96; *Blackshire*, 2014 WL 1512961 at *1.

Because the appellate record now contains two supplements that are certified by the trial court, signed and dated by the trial court's deputy clerk, specifically attributing the $72 costs to CSCD, and because there remains further evidence in the record that these costs are directly related to the condition of Blackshire's community supervision that he pay for drug testing which evidence

4

supports he took, we affirm our original holding and overrule Blackshire's argument that there is insufficient evidence in the record for the imposition of the $72 fee due to CSCD.

Having reaffirmed that the record in this case supports the trial court's imposition of the $72 "due to CSCD," we again modify the judgment adjudicating Blackshire's guilt to reflect $284 in court costs on page 1 of the judgment and the reparations amount to reflect $1,032 (which includes $900 in appointed attorney fees, $60 for one month of assessed probation fees, and $72 due to CSCD) on page 2 of the judgment, and we affirm the judgment as modified.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 28, 2015