

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00133-CR
_____

PRESTON DENNARD MASSEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 37,429-CR; Honorable Bob Carroll, Presiding

June 5, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Preston Dennard Massey, was charged by indictment with the offense of burglary of a habitation, enhanced by two prior felony convictions.[1]  After being convicted by the court, he was sentenced to sixty years imprisonment.  By two issues, Appellant contends the evidence was insufficient to support both his conviction and the

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011).  The trial court found one of the two enhancement allegations to be true, making the offense punishable as a first degree felony.  *See id.* at §§ 30.02(c)((2), 12.42(b).

assessment of attorney's fees as costs of court.[2]  We will modify the judgment of the court to delete excess court costs and affirm as modified.

BACKGROUND

On September 4, 2012, Heather Starks returned home to find her back door open and two television sets and an iPad missing.  After speaking with her sister, Hillary, Heather began to suspect that Appellant may have been the person who burglarized her home.

At trial, Hillary testified that she had stayed at her sister's home during the 2012 Labor Day weekend and that Appellant had stayed with her.  Hillary testified that when she and Appellant left the residence, she locked both the front and back doors, and no items were missing from the home at the time.

Latoya Reed, Appellant's cousin and a friend of Hillary's, testified that on September 4, Appellant called her and asked her to pick him up at a particular residence.  Latoya was unfamiliar with the residence; however, Appellant provided her directions.  When she arrived, Appellant loaded two television sets and an iPad into the back of her vehicle.  At the time, Latoya didn't suspect anything was out of the ordinary because Appellant had explained that he was in the process of breaking up with his girlfriend and she assumed he had the authority to remove the items because this was being done in the middle of the day and there were many witnesses around.  Latoya

---

[2] This case was transferred to this Court from the Tenth Court of Appeals pursuant to a docket equalization order entered by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (WEST 2013).  We have applied precedent from that court where applicable.  *See* TEX. R. APP. P. 41.3.

then drove Appellant to Top Dollar Pawn, where he pawned the items. Appellant later gave Latoya twenty dollars for gas money.

Daniel Udave, an employee of Top Dollar Pawn, testified that on September 4, 2012, Appellant pawned two Samsung televisions for $475. The serial number from the items pawned matched the serial number of the items missing from Heather's residence. At the same time, Appellant pawned an iPad. A video from a surveillance camera at the pawn shop showed Appellant pawning the two televisions.

Detective Derek McKie of the Waxahachie Police Department testified that he located the items taken from Heather's residence at Top Dollar Pawn and he was able to learn that Appellant was the person who pawned those items. After Appellant was arrested he gave both a written and audio statement to the police where he explained that someone named "Chicken" had actually taken the items from the residence and that he had merely picked the items up from behind the residence.

Hillary also testified that she visited Appellant in jail and asked him why he had burglarized her sister's home. Appellant told her that people were after him because he owed them money, and he admitted to committing the crime.

STANDARD OF REVIEW

To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.

Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This requires the reviewing court to defer to give "full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic fact to ultimate facts." *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson*, 443 U.S. at 326.

ISSUE ONE—SUFFICIENCY OF EVIDENCE TO SUPPORT CONVICTION

By his first issue, Appellant contends the evidence presented at trial was legally insufficient for the trial court to find him guilty of the offense charged. A person commits the offense of burglary of a habitation if, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). Here, Appellant contends the State failed to prove that he entered a habitation because merely finding stolen items outside the complainant's residence does not establish that he entered that residence. Although Appellant admits to pawning the items removed from the residence, he maintains another person, known only as "Chicken," is the person who entered the residence and committed the theft. He further contends that the analytical gap between his possession of the stolen items and the actual burglary cannot be established under the law of parties because there is no

4

evidence he acted together with "Chicken," or any other party, at the time of the offense. Not only does Appellant's argument totally ignore the testimony of Latoya Reed that she actually witnessed Appellant enter the residence and remove the items, it fails to account for the reasonable conclusion a fact finder could have reached based upon the circumstantial evidence in the case. Appellant's first issue is overruled.

ISSUE TWO—SUFFICIENCY OF EVIDENCE TO SUPPORT COURT COSTS

By his second issue, Appellant maintains the evidence is legally insufficient to support the $2,885 in court costs included in the judgment. A supplemental clerk's record contains a *Bill of Costs* showing the legislatively mandated costs of court to be $274. Because there is no evidence to support the difference between the costs included in the judgment and the costs as represented by the *Bill of Costs*, the State concedes the judgment may be reformed to reflect those costs supported by the record. *See Johnson v. State*, 423 S.W.3d 385, 395 (Tex. Crim. App. 2014). Accordingly, we sustain Appellant's second issue in part and overrule it in part.

CONCLUSION

Appellant's judgment is reformed to reflect court costs of $274, and as reformed, the judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.