ACCEPTED
07-15-00099-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
12/18/2015 8:59:31 PM
Vivian Long, Clerk

07-15-00099-CR

| | | |
|---|---|---|
| PAMELA JANE WOODRUFF | § | IN THE COURT OF APPEALS |
| | § | |
| vs. | § | FOR THE |
| | § | |
| THE STATE OF TEXAS | § | SEVENTH DISTRICT OF TEXAS |

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
12/18/2015 8:59:31 PM
VIVIAN LONG
CLERK

# MOTION FOR REHEARING

## To the Honorable Justices of the Court of Appeals:

COMES NOW Pamela Jane Woodruff and files this Motion for Rehearing, respectfully showing the Court the following:

## I.

### The Sufficiency of the Evidence is Measured by the Allegations in the State's Motion to Revoke

The Court has very recently noted that, in community supervision revocation, "the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke." *Cabello v. State*, 2015 WL 7165585, at *2 (Tex.App. – Amarillo, November 10, 2015, no pet.) (not designated for publication). The "State is bound by the allegations in the charging instrument." *Crenshaw v. State*, 378 S.W.3d 460, 465 (Tex.Crim.App. 2012).

Here, though, the State's motion accuses explicitly that "[t]he Defendant is delinquent in the payment of her fine in the amount of $132.00," and that "[t]he Defendant is delinquent in the payment of her attorney's fees in the amount of $90.00." (Opinion, p. 2) (CR, p. 12, 19) (Exhibit B to the Appellant's opening Brief). Yet the bill of costs contradicts this by reflecting that no payments were made at all.

The State should be bound to its pleadings, *Crenshaw*, 378 S.W.3d at 465, which control in revocation proceedings, *Cabello*, 2015 WL 7165585, at *2.

But the Opinion quotes *Johnson v. State*, 423 S.W.3d 385 (Tex.Crim.App. 2014), in saying that "although a bill of costs is not required to sustain statutorily authorized and assessed court costs, it is the most expedient, and therefore, preferable method." *Id.*, at 395-6. From this evident dicta the Opinion makes the State's pleadings subject to the bill of costs. The sufficiency of the evidence should be measured by the State's motion and the evidence of whether the allegations are true, not records prepared by a district clerk who was likely absent at the time.

WHEREFORE, the appellant prays the Court grant rehearing to address this matter.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, Texas 79114
(806) 282-4455
Fax: (806) 398-1988
State Bar Number 00785691
AppealsAttorney@gmail.com
Attorney for the appellant

## CERTIFICATE OF COMPLIANCE

I hereby certify that this entire Motion contains 447 words.

/s/ JOHN BENNETT
John Bennett

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Motion for Rehearing was served on Franklin McDonough, Esq., Gray County District Attorney, by United States Mail, first class delivery prepaid, to him at P.O. Box 1592, Pampa, Texas 79066-1592, on December 18, 2015.

/s/ JOHN BENNETT
John Bennett