

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00167-CR
### No. 10-15-00173-CR

**RAYMOND ROSS MORMINO, II,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court Nos. 2012-396-C1 and 2012-394-C1

## MEMORANDUM  OPINION

Upon his open plea of guilty, Raymond Mormino, II, was convicted in Cause No. 10-15-00167-CR of the offense of failure to stop and render aid. The trial court assessed punishment at ten years confinement. Upon his open plea of guilty, Raymond Mormino, II, was convicted in Cause No. 10-15-00173-CR of the offense of aggravated assault with a deadly weapon, a motor vehicle. The trial court assessed punishment at fifteen years

confinement. The sentences are to run concurrently. We affirm Cause No. 10-15-00167-CR. We affirm as modified Cause No. 10-15-00173-CR.

## Background Facts

On January 23, 2012, McLennan County Sheriff's Deputy Tyrone Caldwell was off duty and exercising in a local park. Deputy Caldwell was hit by a vehicle driven by Appellant and suffered severe injuries. Appellant fled the scene, but police received information linking Appellant to the accident. Police went to Appellant's residence and located a vehicle containing pieces of human flesh which was confirmed by DNA evidence to be from Deputy Caldwell. The vehicle also contained damage consistent with the evidence found at the scene of the accident.

## Criminal Filing Fees

In the sole issue on appeal in Cause No. 10-15-00167-CR, and in the third issue on appeal in Cause No. 10-15-00173-CR, Appellant argues that there is no statutory basis for the imposition of a "CRIMINAL FILING FEE" in the amount of $224.00. The clerk's record contains a bill of costs indicating that Appellant is required to pay $369.00 in court costs. Among the fees listed in the bill of costs is a "criminal filing fee" in the amount of $224.00. The bill of costs does not provide specific detail for the criminal filing fee. On March 17, 2016, the trial court clerk filed a supplemental clerk's record that detailed the specific charges related to the $224.00 filing fee.

A bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record. *Johnson v. State*, 423 S.W.3d 385, 392 (Tex. Crim. App. 2014). Therefore, matters pertaining to the imposition of court

costs need not be brought to the attention of the trial court, including a bill of costs prepared after a criminal trial. *Id* at 394. Once the record has been properly supplemented with a bill of costs, the court of appeals errs when it fails to consider that bill of costs when resolving Appellant's court-costs claim. *See Johnson v. State*, 423 S.W.3d at 394.

The fees itemized in the supplemental clerk's record bill of costs are all authorized by statute:

- Clerk's Fee - $40.00 TEX. CODE CRIM. PROC. art. 102.005 (a) (West 2006)
- Records Management Fee - $25.00 TEX. CODE CRIM. PROC. art. 102.005 (f) (West 2006)
- Courthouse Security Fee - $5.00 TEX. CODE CRIM. PROC. art. 102.017(a) (West Supp. 2015)
- Consolidated Court Costs - $133.00 TEX. LOC. GOV'T CODE ANN. § 133.102(a) (West Supp. 2015)
- Judicial Support Fee - $6.00 TEX. LOC. GOV'T CODE ANN. § 133.105 (a) (West 2008)
- Jury Reimbursement Fee - $4.00 TEX. CODE CRIM. PROC. art. 102.0045 (a) (West Supp. 2015)
- Indigent Defense Representation Fee - $2.00 TEX. LOC. GOV'T CODE ANN. § 133.107(West Supp. 2015)
- District Court Technology Fee - $4.00 TEX. CODE CRIM. PROC. art. 102.0169 (West Supp. 2015)
- Electronic Filing Fee - $5.00 – TEX. GOV'T CODE ANN. § 51.851 (West Supp. 2015)

The supplemental clerk's record contains an itemized bill of costs that provides a statutory basis for the $224.00 in costs Appellant complains of on appeal. We overrule the sole issue in Cause No. 10-15-00167-CR and the third issue in Cause No. 10-15-00173-CR.

**Admonishment on Range of Punishment**

In the first issue in Cause No. 10-15-00173-CR, Appellant complains that the trial court erred in failing to admonish him on the correct range of punishment. The record shows that prior to accepting Appellant's plea of guilty, the trial court incorrectly admonished Appellant that the range of punishment for aggravated assault was "not less than two nor more than ten years". The actual range of punishment for aggravated assault, a second degree felony, is not less than 2 years nor more than twenty years. TEX. PENAL CODE ANN. § 22.02; 12.33 (West 2011). The trial court ordered a presentence investigation before assessing punishment. At the punishment hearing, the trial court stated:

> I had indicated that on the aggravated assault case that I was going to do 12 years in the penitentiary and 10 years on the failure to stop and render aid. The aggravated assault case is a 2 to 20. The failure to stop and render aid was 2 to 10. After hearing the testimony today and seeing all the physical evidence, it gives you a different perspective than what I had originally. So I'm going to assess your sentence on the aggravated assault case at 15 years in the penitentiary, and I'm still going to make it 10 years on the failure to stop and render aid.

Article 26.13(a)(1) of the Code of Criminal Procedure states that, "[p]rior to accepting a plea of guilty or plea of nolo contendere, the court shall admonish the defendant of ... the range of punishment attached to the offense[.]" TEX. CODE CRIM. PROC. ANN. art. 26.13 (a) (1) (West Supp. 2015). In admonishing the defendant, "substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. TEX. CODE CRIM. PROC. ANN. art. 26.13 (c) (West Supp. 2015).

Appellant argues, and the State agrees, that the trial court's misstatement of the applicable range of punishment did not substantially comply with Article 26.13 (a) (1).

Because the failure to properly admonish on the applicable punishment range is predicated on a statutory violation, the standard for determining harm is that used for claims of non-constitutional error in TEX.R.APP.P. 44.2(b). *Davison v. State*, 405 S.W.3d 682, 688 (Tex. Crim. App. 2013). In determining harm under this provision, we must look to the record as a whole to determine whether Appellant was "aware of the particular information upon which he should have been admonished … prior to the time that the trial court accepted his plea." *Id*.

Appellant signed a "Waiver of Jury Trial, Stipulation of Evidence, and Judicial Confession Felony Plea of Guilty to Open Court" in which he acknowledges that he understands the minimum and maximum punishment. The waiver signed by Appellant states that aggravated assault is a second degree felony. Appellant's trial counsel further signed the waiver and stated that he consulted with Appellant concerning the charge of aggravated assault, a second degree felony, and the consequences of the plea. In a competency evaluation in which Appellant was found competent to stand trial, the evaluator noted that Appellant "understood his charge and recognized the seriousness of the charge stating they were felonies punishable by "2-20 years and 2-10 years maximum.'"

At the punishment hearing, the trial court stated the correct range of punishment. Neither Appellant nor his counsel had any reaction or showed any surprise to the correct range of punishment. The trial court further indicated that he had planned to assess

punishment at 12 years, but decided on 15 after hearing the evidence. Again neither Appellant nor his counsel had any reaction to the trial court's statement. The Appellant's failure to exhibit alarm or surprise at the punishment phase is a circumstance relevant in determining harm. *Davison v. State*, 405 S.W.3d at 688-689. For claims of non-constitutional error, "a conviction should not be overturned unless, after examining the record as a whole, a court concludes that an error may have had 'substantial influence' on the outcome of the proceeding." *Burnett v. State*, 88 S.W.3d 633, 637-8 (Tex. Crim. App. 2002). If the reviewing court has "a grave doubt" that the result was free from the substantial influence of the error, then it must treat the error as if it did. *Id*. There is evidence in the record to show that Appellant was aware of the consequences of his plea, including the range of punishment. After reviewing the entire record, we cannot say that the trial court's misstatement on the applicable range of punishment misled or harmed appellant. TEX.R.APP.P. 44.2(b); *Davison v. State*, 405 S.W.3d at 689; *Burnett v. State*, 88 S.W.3d at 641. We find that Appellant's substantial rights were not affected by the trial court's faulty admonishment. TEX.R.APP.P. 44.2(b); *Davison v. State*, 405 S.W.3d at 689. We overrule the first issue in Cause No. 10-15-00173-CR.

### Assessment of Fees

In the second issue in Cause No. 10-15-00173-CR, Appellant argues that the evidence is insufficient to support the trial court's decision to order Appellant, who is indigent, to pay court costs for court-appointed attorney's fees. The State concedes that there is insufficient evidence to support the assessment of court-appointed attorney's fees. We sustain the second issue in Cause No. 10-15-00173-CR.

Mormino v. State                                                                                                    Page 6

## Conclusion

We affirm the trial court's judgment in Cause No. 10-15-00167-CR.  In Cause No. 10-15-00173-CR, we modify the trial court's judgment to delete the assessment of attorney's fees.  As modified, the judgment in Cause No. 10-15-00173-CR is affirmed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed; Affirmed as modified
Opinion delivered and filed May 12, 2016
Do not publish
[CR25]

