# NOS. 12-16-00186-CR
## 12-16-00187-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NAKELDRICK CURTIS ERSKINE,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Nakeldrick Curtis Erskine appeals his convictions for delivery of a controlled substance and unlawful possession of a firearm by a felon in two cases that are consolidated on appeal. Appellant argues that the judgments impose court costs not supported by the record. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by two indictments with delivery of a controlled substance and unlawful possession of a firearm by a felon. He entered open pleas of "guilty" to the offenses, and the matter proceeded to a bench trial on punishment. The trial court assessed Appellant's punishment at imprisonment for forty years and restitution of $180 for delivery of a controlled substance, and imprisonment for twenty years for unlawful possession of a firearm by a felon. This appeal followed.

## COURT COSTS

In each of Appellant's cases, he argues that this Court should modify the trial court's judgment and withdrawal order to remove unsupported court costs. Specifically, he challenges the imposition of a DNA testing fee in one case and warrant fees in both cases.

## Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). In reviewing the assessment of court costs, we review the record to determine whether there is a basis for the costs. *Id.* A specific amount of court costs need not be supported by a bill of costs for a reviewing court to conclude that the assessed court costs are supported by facts in the record. *Id.* at 395. On conviction of a felony, a defendant is required to pay a court cost of $50 for executing or processing an issued arrest warrant, capias, or capias pro fine. TEX. CODE CRIM. PROC. ANN. § 102.011(a)(2) (West Supp. 2016). When a person is placed on community supervision, if he is required to submit a DNA sample, he must pay a court cost of $34. *Id.* § 102.020(a)(3) (West Supp. 2016).

## Analysis

Here, the bills of costs show that Appellant was assessed $50 in warrant fees in each case—$40 for "Warrant Fee – County" and $10 for "Warrant Fee – State." Appellant argues that these fees are not supported by the record because the record shows his arrest was "on sight," indicating no warrant was issued. Nonetheless, the record supports the $50 fee in each case. Although no warrant was issued, the record shows that a capias was executed in each case. Thus, a $50 fee was authorized in each case. *See id.* § 102.011(a)(2). The fact that the bills of costs refer to the fees as "warrant fees" rather than capias fees is inconsequential because a bill of costs is not required to sustain statutorily authorized and assessed court costs. *See Johnson*, 423 S.W.3d at 395. Accordingly, we overrule Appellant's issue in each case regarding the purported warrant fees.

The bill of costs in the unlawful possession of a firearm case shows that Appellant was assessed a $34 DNA testing fee. Appellant argues that there is no basis for the fee because the statute authorizes the fee's imposition only when the person is placed on community supervision, and the record does not show Appellant was placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. § 102.020(a)(3). The State agrees, and so do we. *See* TEX. R. APP. P. 43.2(b)

2

(authorizing an appellate court to modify the trial court's judgment). Accordingly, we sustain Appellant's issue in cause number 12-16-00187-CR regarding the DNA testing fee.

## DISPOSITION

In cause number 12-16-00186-CR, having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

In cause number 12-16-00187-CR, having sustained in part and overruled in part Appellant's sole issue, we ***modify*** the trial court's judgment, along with its attached order to withdraw funds, to reduce the amount of court costs by $34. We ***affirm*** the judgment as modified.

GREG NEELEY
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-16-00186-CR

**NAKELDRICK CURTIS ERSKINE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1422-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2017**

**NO. 12-16-00187-CR**

**NAKELDRICK CURTIS ERSKINE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1423-15)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment and withdrawal order below be **modified** to reduce the amount of court costs by $34; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*