# NO. 12-16-00182-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRIUS MONTRALL JONES,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darrius Montrall Jones appeals his conviction for robbery. In one issue, Appellant argues that the judgment imposes unconstitutional court costs. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. He entered a plea of "guilty" to the lesser included offense of robbery with an agreement for seven years deferred adjudication supervision.

Subsequently, the State filed an application to proceed to final adjudication, which included a request to revoke Appellant's community supervision. Appellant pleaded "true" to the allegations in the application. After giving both parties an opportunity to present evidence and arguments, the trial court granted the application to revoke, found Appellant "guilty" of robbery, and assessed Appellant's punishment at imprisonment for seven years. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that this Court should modify the trial court's judgment and withdrawal order to remove unconstitutional court costs.

## Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133 on conviction of a felony. TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2016). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See id.* § 133.102(e) (West Supp. 2016); ***Salinas v. State***, No. PD–0170–16, 2017 WL 915525, at *1 (Tex. Crim. App. Mar. 8, 2017). The court of criminal appeals has held the statute unconstitutional with respect to two of these accounts: an account for "abused children's counseling" and an account for "comprehensive rehabilitation." *See **Salinas***, 2017 WL 915525, at *1. As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. ***Id.*** The court further held that its holding applies only to (1) a defendant who raised the appropriate claim in a petition for discretionary review before the date of the court's opinion, if the petition is still pending on that date and the claim would otherwise be properly before the court on discretionary review, or (2) a defendant whose trial ends after the mandate in ***Salinas*** issues. *Id.* at *6.

## Analysis

Here the final judgment shows a court cost assessment of $289. The bill of costs shows that the $133 consolidated fee was assessed. However, because (1) no petition for discretionary review is pending on Appellant's claim, and (2) the proceedings in the trial court ended on June 24, 2016—well before the court of criminal appeals's decision in ***Salinas***—the court's holding in that case does not apply. *See **id.*** Accordingly, we overrule Appellant's issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00182-CR**

**DARRIUS MONTRALL JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0025-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*