# NO. 12-17-00315-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DUSTIN TYLER CHRZAS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dustin Tyler Chrzas appeals his conviction for aggravated robbery. In one issue, he argues that the trial court erred in imposing court costs that have been held unconstitutional. We affirm.

## BACKGROUND

On May 19, 2016, Appellant was charged by indictment with the felony offense of aggravated robbery. On September 22, Appellant pleaded "guilty," the trial court deferred a finding of guilt, and the court placed Appellant on community supervision for ten years, subject to certain terms and conditions.

On September 14, 2017, the State filed a motion to adjudicate guilt alleging that Appellant violated the terms and conditions of his community supervision. On October 13, Appellant appeared before the trial court and pleaded "true" to the allegations in the State's motion. The court found the allegations to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for twenty years. This appeal followed.

## COURT COSTS

In one issue, Appellant argues that the "trial court erred in imposing court costs for fees that have been held to be unconstitutional."

### Applicable Law

The imposition of court costs upon a criminal defendant is a "nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). The consolidated fee statute requires a defendant to pay a court cost of $133.00 on conviction of a felony. TEX. LOC. GOV'T. CODE ANN. § 133.102(a)(1) (West Supp. 2017). The money received is divided among a variety of state government accounts according to percentages dictated by the statute. *See **id.*** § 133.102(e) (West Supp. 2017). However, the Texas Court of Criminal Appeals held the statute to be unconstitutional with respect to two of these accounts—an account for "abused children's counseling" and an account for "comprehensive rehabilitation." ***Salinas v. State***, 523 S.W.3d 103, 107–09 (Tex. Crim. App. 2017). As a result, the court held that any fee assessed pursuant to the statute must be reduced pro rata to eliminate the percentage of the fee associated with these accounts. *See **id.*** at 105.

### Analysis

Here, citing ***Salinas***, Appellant seeks to have the $133 in court courts reduced pro rata to eliminate the portions of the costs attributable to abused children's counseling and comprehensive rehabilitation. However, effective June 15, 2017, the Legislature amended Section 133.102(e) to remove the two accounts deemed unconstitutional from the statute, but the consolidated court cost fee remains at $133. *See* Act of May 18, 2017, 85th Leg. R.S., ch. 966, 2017 Tex. Sess. Law. Serv. 3917, 3917–18 (West) (codified at TEX. LOC. GOV'T. CODE § 133.102(a), (e)). In this case, the judgment adjudicating guilt is dated October 13, 2017. Accordingly, given the amendment to Section 133.102, no part of the consolidated court costs assessed against Appellant were attributable to either abused children's counseling or comprehensive rehabilitation. Therefore, we overrule Appellant's sole issue.

## DISPOSITION

Having ***overruled*** Appellant's sole issue, we ***affirm*** the trial court's judgment.

                                          **BRIAN HOYLE**
                                              Justice

Opinion delivered April 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 18, 2018**

**NO. 12-17-00315-CR**

**DUSTIN TYLER CHRZAS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0675-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*