

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00098-CR

_____

WILLIAM CALVIN CRUNK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 17F0398-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Following his conviction for aggravated assault, William Calvin Crunk appeals, arguing that the trial court erred in assessing court costs against him. On review of the record we find no error and affirm the trial court's judgment.

Crunk's sole point of error regards the court costs imposed in the trial court's judgment. "The Texas Code of Criminal Procedure requires that a judgment order a defendant to pay court costs." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. arts. 42.15, 42.16)). "[A] cost is not payable by the person charged with the cost until a written bill . . . containing the items of cost is . . . produced" and is "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost" and the statement is "provided to the person charged with the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018). "Only statutorily authorized court costs may be assessed against a criminal defendant, and all costs assessed against a defendant can be separated into two categories: (1) mandatory costs[1] and (2) discretionary costs." *Johnson*, 423 S.W.3d at 389 (citation omitted).

The original clerk's record submitted to this Court contained a bill of costs that listed court costs of $284.00. That bill of costs did not itemize each particular cost levied against Crunk. Following Crunk's complaint that the record would not support this amount, we asked the Bowie

---

[1]As stated in *Johnson*,

> A mandatory cost is one other than attorney's fees that is a predetermined, legislatively mandated obligation imposed upon conviction. Because mandatory costs are fixed by statutes that are published publicly in the laws of the State of Texas, a criminal defendant has constructive notice of those laws, and courts should take judicial notice of those laws.

*Johnson*, 423 S.W.3d at 389.

County District Clerk to supplement the record with an itemized bill of costs.[2]  The supplemental

bill of costs itemizes the various assessed costs and fees totaling $284.00.[3]  It lists itemized costs,

bears the signature of the Bowie County District Clerk, and bears the clerk's certification seal.  It,

therefore, meets the requirements of Article 103.006 of the Texas Code of Criminal Procedure.

*See Johnson*, 423 S.W.3d at 392–93.

"Absent a challenge to a specific cost or basis for the assessment of that cost, a bill of costs

is sufficient."  *Johnson*, 423 S.W.3d at 396.  Crunk does not attack any specific cost or its basis.

His point of error only complains that the record is insufficient to support the costs listed on the

judgment.  The record now supports the trial court's assessed costs.  *See id.*; *Flowers v. State*, 438

S.W.3d 96, 113 (Tex. App.—Texarkana 2014, pet. ref'd).  Crunk's point of error is overruled.

We affirm the trial court's judgment and sentence.


Ralph K. Burgess
Justice

Date Submitted:     December 4, 2018
Date Decided:       December 7, 2018

Do Not Publish

---

[2]*See* TEX. R. APP. P. 34.5(c); *see also Johnson*, 423 S.W.3d at 392 (supplementation of appellate record with bill of costs permissible and does not prejudice appellant).

[3]The supplemental bill of costs assessed court costs of $234.00, a $10.00 bond fee, and $40.00 for a jury fee.