**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00158-CR**
**NO. 09-18-00159-CR**
**NO. 09-18-00160-CR**
**NO. 09-18-00161-CR**

_____

**ANDREAS KARL HENSCHKE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 17-09-11090-CR, 17-09-11091-CR,**
**17-09-11092-CR, 17-09-11095-CR**

_____

**MEMORANDUM OPINION**

Article 102.073 of the Code of Criminal Procedure provides that "[i]n a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only

1

once against the defendant."[1] Thus, trial courts may not assess costs more than once when the State tries a defendant in cases consolidated and tried in one proceeding.[2] The record shows the trial court assessed costs more than once here. In the brief Andreas Karl Henschke filed to support his appeals in Trial Court Cause Numbers 17-09-11090-CR, 17-09-11091-CR, 17-09-11092-CR and 17-09-11095-CR, he argues the trial court erred by assessing court costs against him in all four cases when they were tried in a single proceeding. In its response, the State concedes error.

The record on appeal shows that the trial court assessed $594 in each of the four judgments at issue in Henschke's appeals. Court costs are a nonpunitive recoupment of the costs of judicial resources expended in the trial of a case.[3] The costs the court assessed are reviewable on appeal to determine "if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost[.]"[4] A defendant may complain about error in assessing court costs for the first time on appeal.[5] Here, no dispute exists about whether the cases were tried in a

---

[1] Tex. Code Crim. Proc. Ann. art. 102.073(a).

[2] *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

[3] *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

[4] *Id.*

[5] *Id*. at 391.

single proceeding. To remedy the trial court's error, we modify the judgments in three of the four cases to require Henschke to pay costs for the cases tried in a single proceeding only once.[6]

In multiple cases tried together, taxable costs are determined by "using the highest category of offense that is possible based on the defendant's convictions."[7] Of Henschke's convictions, the highest-category offense is a second-degree felony, which is his conviction for promoting child pornography.[8] The cost bill in that case reflects the assessable costs were $594, which is the amount the trial court assessed.

To correct the errors in the judgments in Trial Court Cause Numbers 17-09-11090-CR, 17-09-11091-CR and 17-09-11092-CR, we delete the court costs in those judgments and award $0 in costs. As modified, the judgments in Trial Court Cause Numbers 17-09-11090-CR, 17-09-11091-CR, and 17-09-11092-CR are affirmed.[9] We affirm the judgment the trial court issued on Henschke's promotion of child pornography case, Trial Court Cause Number 17-09-11095-CR.[10]

---

[6] *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013).

[7] Tex. Code. Crim. Proc. Ann. art. 102.073(b).

[8] *See* Tex. Penal Code Ann. § 43.26(g).

[9] *See* Tex. R. App. P. 43.2(b).

[10] *Id*. 43.2(a).

AFFIRMED AS MODIFIED.

                                            _____

                                             HOLLIS HORTON
                                                Justice

Submitted on November 19, 2019
Opinion Delivered January 15, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4