

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00348-CR

_____

ERIN MICHELLE HOLDERBY, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13883

_____

Before Birdwell, J.; Sudderth, C.J.; and Wallach, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Erin Michelle Holderby appeals the trial court's judgment revoking her community supervision, adjudicating her guilt for possession of methamphetamine, sentencing her to two years' confinement, and ordering her to pay court costs. We modify the judgment to delete from the court costs a $15 fee that was assessed without statutory authorization, and we affirm the judgment as modified.

Holderby's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel provided Holderby with a copy of the motion to withdraw, provided her a copy of the brief, informed her of her right to file a pro se response, informed her of her right to seek discretionary review pro se should this court deny relief, and took concrete measures to facilitate Holderby's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Holderby the opportunity to file a response on her own behalf, but she did not file a brief.

In the *Anders* context, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Jury v. State*, 472 S.W.3d 880, 880 (Tex. App.—Fort Worth 2015, no pet.) (mem. op.). Only then may we grant

2

counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. After reviewing the itemized bill of costs, we conclude that there is no statutory authority authorizing the $15 assessed as a "Motion to Proceed/Revoke Fee."[1] *See Ethridge v. State*, No. 02-19-00146-CR, 2019 WL 5792661, at *1 (Tex. App.—Fort Worth Nov. 7, 2019, no pet.) (per curiam) (mem. op., not designated for publication); *Thiebaud v. State*, No. 02-18-00173-CR, 2019 WL 983747, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication). Because only statutorily authorized court costs may be assessed against a criminal defendant, we modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete this $15 fee, leaving $1,090.13 as the total balance due. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Thiebaud*, 2019 WL 983747, at *2.

Except for the improperly imposed fee, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

---

[1]To the extent that there are any other cost discrepancies in connection with the imposition of community supervision, Holderby could not challenge these costs on appeal from revocation, *see Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015), and we need not put her in a better position simply because her attorney filed an *Anders* brief. *See Eubank v. State*, No. 02-18-00351-CR, 2019 WL 2635564, at *2 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication).

Accordingly, we grant counsel's motion to withdraw and affirm, as modified, the trial court's judgment and incorporated order to withdraw funds.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 12, 2020