

IN THE
TENTH COURT OF APPEALS

———————

No. 10-21-00266-CR

CANDACE DELORES RIOS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————

From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-20-C1

## DISSENTING OPINION

The only "properly" Certified Bill of Costs in this appellate record that I have been able to find is in the amount of $505.00 with the entire amount showing as due.  (CR 95). The Court references certified copies of a document labeled as a Bill of Costs dated after the abatement order as a Certified Bill of Costs.  I do not believe that it is properly certified.  It is merely certified as a true and correct copy of a document in the District Clerk's file.  That, alone, does not make it a Certified Bill of Costs.  *See* TEX. CODE CRIM. PROC. art. 103.006; *Johnson v. State*, 423 S.W.3d 385, 392-93 (Tex. Crim. App. 2014)

(discussing the characteristics of a bill of costs according to the statutes). Specifically, the document which is being certified as a true and correct copy does not contain the certification regarding the content of the document, like the one referenced above at page 95 of the Clerk's Record, for which the signatory attested:

> I hereby certify the above to be a correct account of the cost chargeable in the above entitled and numbered cause up to this date.

Moreover, the judgment from which this appeal was taken, including the "Order to Withdraw Funds" inversely incorporated into the judgment, assesses $475.00 of "Court costs, fees, and/or fines and/or restitution. . . ." Until that judgment is corrected, or that amount is paid, there remains a live issue regarding the proper amount of such court costs in this appeal. Thus, whatever the referenced document is, it does not moot this issue.

Finally, as to costs, the manner in which we arrived at this point, via an abatement of the appeal and a remand to the trial court to review the assessment of mandatory court costs, remains subject to questions of its applicability and whether it was appropriate. *See Carnley v. State*, No. 10-21-00104-CR, 2023 Tex. App. Lexis 8896, *4-46 (Tex. App.—Waco Nov. 30, 2023) (publish) (Gray, C.J., dissenting). Nevertheless, and regardless of the outcome of that question, the fact remains that Rios has a judgment which appears to assess $475.00 of court costs against her, and she is entitled to a resolution of the issue as raised in the appeal regarding whether that amount is correct even if she has paid some

portion of the court costs.[1]

      Accordingly, I cannot join the Court's opinion or judgment and must respectfully dissent.[2]


                            TOM GRAY
                            Chief Justice

Dissent delivered and filed December 14, 2023



---

[1] It does not appear that Rios was given the opportunity to respond to the jurisdictional mootness argument. Moreover, I note that if the funds were withdrawn from her inmate account based upon the withholding order, payment of the assessed court costs could hardly be said to be voluntary.

[2] The irony in this appeal is that after abatement, on remand to the trial court, the appellant convinced the trial court that it had erroneously used the costs applicable to an offense that occurred on or after January 1, 2020, when it should have used an older costs statute because the offense occurred in 2015. The trial court, to correct its perceived error, used the costs schedule applicable at the time the offense was committed. But the Court, with one justice dissenting, has held that for an offense committed in 2015 but for which guilt and punishment was determined on or after January 1, 2020, the new costs schedule should be utilized. *See Bradshaw v. State*, 675 S.W.3d 78 (Tex. App.—Waco 2023, pet. filed).