

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00183-CR

TROY MYERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 2
Denton County, Texas
Trial Court No. CR-2020-04907-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On May 2, 2022, after his jury trial had begun, Troy Myers pled nolo contendre to assault causing bodily injury—family violence, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01 (Supp.). The trial court sentenced Myers to 300 days' confinement, to run concurrently with the sentence from his conviction for interference with an emergency request for assistance, which is the subject of Myers's appeal in our cause number 06-24-00184-CR. The trial court suspended Myers's sentence and placed him on community supervision for seventeen months. On September 13, 2023, the State moved to revoke Myers's community supervision. At the hearing on the motion to revoke, the State abandoned one of its allegations in each matter, and as to the remaining sixteen allegations in each matter, Myers pled true. The trial court found fourteen of the allegations true and revoked Myers's community supervision. The trial court sentenced Myers to 210 days' confinement in the Denton County Jail.

In addition to 300 days' confinement, the trial court assessed in this conviction a fine of $350.00, court costs of $270.00, and reimbursement fees of $72.00. In a single brief addressing his conviction in this case and in our cause number 06-24-00184-CR, Myers's appellate counsel stated that she thoroughly reviewed the record and found no nonfrivolous issues that could be raised on appeal.[1] Myers's counsel also filed a motion with this Court seeking to withdraw as counsel.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

Counsel's brief sets out the procedural history of Myers's community supervision and revocation and summarizes the evidence elicited during the revocation hearing. Counsel further provides precedent and statements regarding her analysis of the pretrial issues, post-trial motions (there were none), sufficiency of the evidence, and effective assistance of counsel. Counsel's professional evaluation of the record demonstrates why there are no arguable grounds to be raised on appeal and meets the requirements of *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014).

In her brief, counsel stated she mailed Myers a copy of all three volumes of the reporter's record, a letter explaining the importance of the *Anders* brief and how Myers may pursue issues moving forward, a copy of the brief, and her motion to withdraw. In her motion to withdraw, counsel stated that she mailed Myers a letter outlining his right to file a pro se brief, copies of the reporter's record and the clerk's record, and a letter confirming that counsel would be filing an *Anders* brief and motion to withdraw.[2] On January 14, 2025, we informed Myers that his pro se brief was due on or before February 14, 2025. On February 26, 2025, we further informed Myers that the case would be set for submission on March 19, 2025. We received neither a pro se response from Myers nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that there are no non-frivolous grounds for appeal. *See Kelly*, 436 S.W.3d at 318 n.16.

---

[2]Subsequently, we received a pro se motion to stay proceedings from Myers. We denied that motion.

We have reviewed the certified bill of costs with total costs of $955.00 and a remaining amount due of $242.00. "Only statutorily authorized court costs may be assessed against a criminal defendant . . . ." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost." *Id.* at 390.

Of the $242.00 amount remaining, only $31.00 is authorized. The time payment fee, the attorney fees incurred during the revocation proceeding, and certain other costs reflected in the bill of costs are unauthorized.

The trial court found that Myers was indigent on October 3, 2023. "A defendant who is determined by the [trial] court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). Here, the trial court did not make a finding that there was a "material change" in Myers's financial circumstances. Consequently, he is still presumed indigent, and the trial court had no basis for assessing attorney fees.[3]

As for the time payment fee, the Texas Court of Criminal Appeals has concluded that a time payment fee, like the one imposed here, "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time

---

[3]The trial court's order revoking community supervision noted $175.00 in "past atty fees." When we requested supplementation of the clerk's record to support this assessment of attorney fees, we were referred to the Attorney Fees Expense Claim form signed March 6, 2024, requesting a fee of $350.00, which the clerk informed us was split between Myers's two offenses.

4

payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

Finally, the initial judgment and bill of costs indicate that Myers was obligated to pay $692.00 as of May 2, 2022. The order revoking community supervision indicated Myers owed $242.00 (of which $175.00 was the attorney fees previously discussed, and $67.00 was "additional fees"). Yet, the bill of costs dated August 28, 2024, totaled $955.00, an increase of $263.00 from the initial bill of costs. Thus, an amount of $21.00 is not accounted for and not authorized by court order.[4]

Consistent with the foregoing, we modify the judgment and the bill of costs by striking the attorney fees of $175.00, the time payment reimbursement fee of $15.00, and unsupported expenses of $21.00.

---

[4]We additionally requested supplementation of the clerk's record regarding any supplemental bills of costs but were told there were none.

As modified, we affirm the trial court's judgment.[5]

Jeff Rambin
Justice

Date Submitted:     March 19, 2025
Date Decided:      April 9, 2025

Do Not Publish

---

[5]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.