

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00140-CR

ANDREW MCCARTY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 31152

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Lamar County jury found Appellant, Andrew McCarty, guilty of indecency with a child by sexual contact. *See* TEX. PENAL CODE ANN. § 12.42 (Supp.), § 21.11(d). McCarty elected to have the trial court assess punishment, and it sentenced McCarty to life imprisonment. On appeal, McCarty asserts that the trial court's written judgment of conviction includes a $50.00 fine payable to the Children's Advocacy Center that was not included in the oral pronouncement of his sentence. McCarty argues that the $50.00 fine must be deleted. In a cross-point, the State requests a modification of the written judgment to state that the "Degree of Offense" was a "SECOND DEGREE FELONY—ENHANCED TO FIRST DEGREE." Because we find that the trial court's written judgment incorrectly included a $50.00 fine and the "Degree of Offense" should reflect the conviction was a second-degree felony enhanced to the first degree, we modify the trial court's judgment and affirm as modified.

## I.   Error Preservation

At the outset, we address the State's argument that this issue has not been preserved for our review. The State asserts that McCarty did not object at sentencing. The State argues that the situation here is different from that in *Johnson v. State*, wherein the Texas Court of Criminal Appeals held that an appellant could raise the issue of improperly assessed court costs for the first time on appeal, because here, the State argues that McCarty is challenging the imposition of a "fine"—not an itemized court cost. *See Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014). We disagree with the State's application of *Johnson*. In *Johnson*, the Court of Criminal Appeals noted that at the time the sentence was imposed orally, there was nothing to

complain of because the challenged cost had not been assessed against the defendant. *Id.* at 390. Here, like in *Johnson*, McCarty's orally pronounced sentence did not include the assessment of a $50.00 fine to be paid to the Children's Advocacy Center, and therefore, he had nothing to object to at trial. *See id.* Accordingly, we hold that McCarty need not have objected at trial to preserve his challenge on appeal. *See id.*

## II.     Oral Pronouncement Controls

"A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (footnotes omitted) (citations omitted). At the time of sentencing, the trial court orally stated, "McCarty, the Court sentences you to life in prison. Your sentence begins today. You will receive any credit to which you're lawfully entitled." No fine was assessed at that time. The judgment, however, reflects the life sentence, but also assesses under "Fines" a "$**50.00** CHILDRENS ADVOCACY CENTER" fine. It is that fine that McCarty complains of on appeal, and we agree that it must be deleted.

Contrary to the State's position in its preservation argument, the State argues that the $50.00 amount was not a "fine" but rather a "cost of court" and therefore it was not punitive, but a "consequence of the defendant's conviction." While the State purports to support the assessment of the "court cost[]" through the record, the judgment specifically assesses the $50.00

3

fee under the "Fines" section, and includes other, separate amounts under "Court Costs" and "Reimbursement Fees"—thus the State's argument fails in that regard.

Accordingly, since the trial court did not orally assess a fine as part of McCarty's sentence when guilt was adjudicated, we hold that we must delete the fine from the judgment. *See Taylor*, 131 S.W.3d at 502; TEX. R. APP. P. 43.2(b). We sustain McCarty's sole issue.

### III.    Further Modification

As the State points out, the judgment also describes the "Degree of Offense" as a second-degree felony. The enhancement paragraph, however, was found to be true after McCarty pled true. If a defendant is convicted of a second-degree felony and it is shown that "the defendant has previously been finally convicted of a felony other than a state jail felony[,] . . . the defendant shall be punished for a felony of the first degree." TEX. PENAL CODE ANN. § 12.42(b). Accordingly, we modify the judgment to state under the "Degree of Offense" that McCarty was convicted of a "SECOND-DEGREE FELONY—ENHANCED TO FIRST DEGREE." *See* TEX. R. APP. P. 43.2(b).

### IV.    Conclusion

The judgment of the trial court is modified to delete the requirement that McCarty pay the $50.00 fine and to reflect that the "Degree of Offense" for which McCarty was convicted was a "SECOND-DEGREE FELONY—ENHANCED TO FIRST DEGREE."

We affirm the trial court's judgment as modified.


Charles van Cleef
Justice

Date Submitted:     March 23, 2026
Date Decided:       April 17, 2026

Do Not Publish